## Blackmore *et al.*, Executors, *versus* The County of Allegheny.

1. The county auditors have all necessary judicial powers to determine the indebtedness to and from the officer whose accounts they audit, and this precludes a resort to an action at common law.

2. The decision of the auditors is conclusive, and cannot be inquired into either by the same tribunal at another time, or by a court of law, except upon appeal.

3. The report of the auditors, when filed in court, has the effect of a judgment against the real estate of the officer, and execution may issue as on other judgments.

4. Upon an appeal from the county auditors' report, the court directs an issue to be tried by a jury, upon whose verdict final judgment is to be entered.

5. The report is conclusive against the officer, only when he has notice of the proceeding in order that he may be present.

ERROR to the Common Pleas of *Allegheny county*.

This was an action of debt against the executors of Thomas Blackmore, on his official bond as treasurer of Allegheny county.

[Blackmore v. County of Allegheny.]

Blackmore was treasurer of the county from January 1st 1856 to January 1st 1858.

Caleb Russell, tax collector in the First Ward of the city of Pittsburgh, appeared to be indebted to the county.

June 16th 1857, judgment was entered in favour of the county against Russell and his sureties, on his official bond, for $3053.76.

On the settlement of Blackmore's account for 1857, a loose receipt was produced by Russell before the county auditors, signed by Blackmore to him, for $1000. Blackmore alleged that this was the duplicate of another receipt for the same amount in Russell's receipt-book, and that the date had been altered. The auditors, without other evidence than Blackmore's statement, and his book and an examination of the receipt, came to the conclusion that it was Blackmore's signature, but that it had been altered. They definitely rejected the receipt, and settled Blackmore's account without charging him with the $1000.

This was about the beginning of the year 1858; the auditors' report was duly approved April 17th 1858, and no appeal was taken.

On the 15th of February 1862, and after the death of Blackmore, on the application of Russell, the court awarded an issue to try whether Russell had paid the county his indebtedness, and a verdict was found against him for $2 only.

The county then brought suit against Blackmore's executors to recover the $1000, which the auditors had refused to charge against him.

On the trial the above facts appeared, and under the charge of the court the jury found for the county $1345, subject to the question reserved for the opinion of the court in banc, " Whether the auditor's report for the year 1857, in connection with the testimony of defendants as to the action of the auditors, in relation to the payment in controversy, concludes the plaintiffs in this suit ?"

The court (Sterrett, P. J.) afterwards delivered the opinion of the court, and directed judgment to be entered for the plaintiff on the verdict.

This was assigned for error.

*R. & S. Woods*, for the plaintiffs in error.—The settlement of the treasurer's account by the county auditors is conclusive, if there be no appeal, both upon the county and the treasurer: Northumberland Co. v. Bloom, 3 W. & S. 542 ; Northampton Co. v. Yohe, 12 Harris 305.

The tax duplicates are in the commissioner's office, and the treasurer must satisfy the auditors that their amount has not been paid to him by the collectors.

In this case the very claim was contested before the auditors.

1 P. F. Smith—11

[Blackmore *v.* County of Allegheny.].

An auditor's report, unappealed from, can be set aside only for fraud.

*R. B. Carnahan*, for defendant in error.—The verdict established that Blackmore received the $1000, and that it was not credited to the county.

Fraud would vitiate the report, and if an officer required to keep proper accounts fails to enter the sums received by him, it is presumptively fraudulent.

The auditors did not pass on this officially. No testimony was taken. The officer charged must be summoned to appear: Nelson *v.* Clarion Co., 2 Barr 17.

The opinion of the court was delivered, January 8th 1866, by

AGNEW, J.—Blackmore, as treasurer of Allegheny county, received of Russell, a collector, $1000, which, though brought to the notice of the county auditors, when settling his account as treasurer, were not charged against him. Blackmore alleged before the auditors his belief that this sum was contained in another receipt, and one of the auditors, in testifying, thought that the receipt for this sum had the appearance of alteration in the date, and stated that, not finding the sum in the treasurer's account, they declined to charge it. The mind of the excellent judge who tried the cause was so impressed with the injustice of freeing an officer from the payment of money which evidently had been received and not accounted for, that he suffered a recovery without any evidence, which we can see, of artifice or fraud used to conceal the item from the scrutiny of the auditors; notwithstanding the effect of this ruling was to open and set aside, thus far, the settlement of the auditors of the proper year, duly filed and approved by the court, and remaining unappealed from. In this we think he erred. Instances of individual hardship or injustice appeal strongly to the conscience; but experience has shown that a faithful administration of the law is productive of greater public advantage, than to suffer it to be turned aside by exceptional cases. It is much safer to suffer the *rem adjudicatam* to remain, than to open it because it may seem to have been decided erroneously. The death and the forgetfulness of parties and witnesses; the loss and destruction of vouchers and the instruments of evidence, and the difficulty of unravelling those things which have been settled, and therefore relied upon as right, and unnecessary to be remembered in detail;—all combine to set the seal of conclusiveness upon that which has entered into judgment.

The law has made it the duty of the county treasurer to " keep a just and true account of all moneys received and disbursed by him;" and, once in each year, to " state his accounts, and produce his vouchers; which, after examination by the commis-

[Blackmore v. County of Allegheny.]

sioners, shall be by them laid before the county auditors for settlement, according to law:" Act 15th April 1834, § 37.

It is made the duty of the county auditors to " audit, settle and adjust the accounts of the commissioners, treasurer, sheriff and coroner of the county ; and make report thereof to the Court of Common Pleas of such county, together with a statement of the balance due from or to such commissioners, treasurer, sheriff and coroner." For this purpose the auditors have power to issue subpœnas and attachments to compel the appearance of the officers and witnesses, and the production of all books, vouchers and papers, relative to such accounts ; and to examine the accountants, as well as others, under the penalties of perjury for false swearing, commit to jail for refusing to answer; and, by the examination of witnesses and other evidence, to " ascertain and settle, as near as may be, the amount of public money received by such officers, and its application to public purposes or otherwise :" Act 15th April 1834, § 48–54.

The report of the auditors when filed in court.shall have the effect of a judgment against the real estate of the officer ; and, upon it, " execution may issue against the property of the officer," in like manner " as upon judgments recovered in the usual course of law," § 55–58. From the report an appeal lies by the county or the officer, within sixty days, upon which the court directs an issue to be tried by a jury upon whose verdict " final judgment shall be entered ;" and " execution" may be issued thereupon : § 56–57–58.

Thus a special tribunal has been erected with all necessary judicial powers to determine the indebtedness from or to the officer, and enforce collection in due course of law ;—and this, under the provisions of the 13th section of the Act of March 21st 1806, precludes a resort to an action at common law. The decision of this tribunal is also conclusive, and cannot be inquired into, either by the same tribunal at another time, or by a court of law, except in the manner provided, upon an appeal by the county or the officer. A long line of decisions has set this point at rest.

In Northumberland County v. Bloom, 3 W. & S. 542, the settlement of the auditors was held to be final and conclusive in favour of the officer as well as against him ;—that it is a judgment which equally binds both parties, and that the settlement of the previous year cannot be opened to correct an error or omission in it. In Wilson v. Clarion County, 2 Barr 17, the same doctrine was held, subject only to the rule of universal justice, that' the officer must have had notice of the proceeding in order that he might be present, if he chose. This subject was again examined in Northampton County v. Yohe, 12 Harris 305, and the doctrine of conclusiveness still more forcibly enunciated by the present chief justice. The powers of the auditors and the effect of their report

[Blackmore *v.* County of Allegheny.]

were again stated by myself in the case of The Commissioners of Lycoming County *v.* The County of Lycoming, 10 Wright 496.

There is another line of decisions, relating to township auditors, of even greater strength than that just referred to. There is this difference to be noticed between the effect of the report against county and the report against township officers ;—that the latter is directed to be filed with the town clerk if there be one ; and if not, to remain with the senior auditor ; and has not the effect of a judgment, as the former has under the 55th section of the Act of 1834 : § 103, Act 1834.

The first case I notice is that of Leasure *v.* Mahoning Township, 8 Watts 551, in which Justice Kennedy laid down the rule that auditors of a succeeding year have no authority to examine and pass upon accounts of previous years. Their " business," he says, " is to examine and settle the accounts for the year which had just expired." Then came Richter *v.* Penn Township, 9 Barr 79, in which it was held that if no account have been settled for a previous year, the auditors of a subsequent year may examine and settle the account of the previous year ; but if the account had been settled and was unappealed from, it is not open to another settlement. This was followed by Porter *v.* School Directors, 6 Harris 144. The account of the district treasurer was settled by the auditors, and a balance struck. In the settlement a credit of $75 was defaced by a line drawn through it ; but the balance including it, was not altered. This balance was carried into the treasurer's account of the next year and duly settled. The order upon which this credit was attempted to be taken was afterwards paid by a subsequent treasurer, and suit was brought by the directors against the former treasurer to collect this sum. It was held the settlements were conclusive, and no suit could be maintained. That case runs upon all fours with this. In Brown *v.* White Deer Township, 3 Casey 109, a supervisor having a claim laid it before the auditors, who declined to act upon it or to allow it, and made no entry of it. He brought suit for the claim, and it was held in this court that his only remedy was an appeal from the decision of the auditors ; the judge delivering the opinion stating that a common-law action will not lie as there is a specific remedy provided by statute.

In Dyer *v.* Covington Township, 4 Casey 186, it was again held by Lowrie, J., that a supervisor has only one mode of settling his accounts as such, and that is before the auditors, or by appeal from them.

It is but just to the learned judge below to say that many of the cases now referred to, were not cited before him. What has been said, in effect, disposes of all the errors assigned. The judgment of the court below is reversed, and judgment now entered upon the reserved point in favour of the defendant below.