502 SWATARA TWP. SCHOOL DISTRICT'S APPEAL.

Syllabus—Opinion of Court below.     [1 Super. Ct.


Commonwealth of Pennsylvania *v.* Josiah C. Geesey et al.   Swatara Township School District's Appeal.

*Statutes—Constitutional law—Act of June* 25, 1885.

Where a statute has been declared constitutional an inferior court is bound by the judgment, notwithstanding new reasons that are set up against it.   The presumption of law is that all existing reasons were held insufficient.

The act of June 25, 1885, P. L. 187, regulating the collection of taxes in the several boroughs and townships in this commonwealth is constitutional.

*Township tax collectors—Liability, how determined.*

The legislature has established a tribunal in each township clothed with ample power and authority to settle all questions between tax collectors and the authorities appointing the same, with right of appeal to the common pleas in case of dissatisfaction.

*Taxes—Public officers—Township collectors—Liability on official bond.*

Until the accounts of township tax collectors are settled by the township auditors and an amount ascertained by such auditors to be due by such collectors, a proceeding at law upon the official bond is premature and unauthorized.

Argued March 12, 1896.   Appeal, No. 18, March T., 1896, by Swatara Township School District, from judgment of C. P. Lebanon Co., June T., 1894, No. 409, entering compulsory nonsuit.   Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ.   Affirmed.

Scire facias on judgment bond of tax collectors of Swatara township, to show cause why execution should not issue for $103.46 due to Swatara Township School District for school taxes.

It appeared from the evidence that the suit was brought to recover the balance alleged to be due by the collector of Swatara township to said township on his bond.   There had been no settlement made by the auditors of the township as required by the act of assembly, and the court granted a compulsory nonsuit, which it subsequently refused to take off, in an opinion by EHRGOOD, P. J., as follows: The act of June 24, 1885, P. L. 187, provides that the accounts of collectors of taxes shall be

settled by township or borough auditors (of the proper township or borough), and they shall state a separate account of each different tax, etc.

The collector at the proper time appeared before the township auditors to have his accounts settled. The board of school directors and township treasurer were present, but the auditors declined or neglected to settle or audit the same.

The statute furnishes the tribunal before which the accounts of the collector of school taxes are to be settled, viz, the township auditors, and there is no exception to the general rule that, where an act of assembly makes provisions for the settlement of accounts of public officers by auditors appointed or elected for the purpose, a settlement made by such auditors is conclusive unless appealed from : Brown v. White Deer Twp., 27 Pa. 109; Porter v. School Directors, 18 Pa. 144; Shartzer v. School District, 90 Pa. 192; School District v. Honeywell, 15 C. C. 545.

The collector had a right to expect to have his accounts settled by the auditors before he or his sureties became liable in a common law action. Until the provisions of the statute are complied with, we are of the opinion that the aid of a court and jury cannot be invoked to settle and audit the collector's accounts, and that a compulsory nonsuit was properly entered.

And now, December 30, 1895, the motion to take off the compulsory nonsuit is refused.

*Errors assigned* were, (1, 2) entry of compulsory nonsuit and overruling motion to take off same, and directing judgment of nonsuit to be entered.

*J. G. Adams,* for appellant.—The principal question raised is whether the 11th section of the act of 1885 repeals the 13th section of the act of 1862, as contended for by the defendant's counsel. The act of June 25, 1885, is unconstitutional: Davey v. Ruffell, 162 Pa. 443.

It cannot be said that the act of 1885 intended to change the law as to making settlements with the township authorities, any more than the act of 1893 intended to change the law as to the taking of acknowledgments.

The following cases decided the same principle: Road in

504 SWATARA TWP. SCHOOL DISTRICT'S APPEAL.

Arguments—Opinion of the Court.     [1 Super. Ct

Phœnixville, 109 Pa. 44; Com. v. Frantz, 135 Pa. 389; Dorsey's App., 72 Pa. 192; Gackenbach v. Lehigh Co., 166 Pa. 448; Pierie v. Phila., 139 Pa. 574; Perkins v. Phila., 156 Pa. 554; Hatfield v. Com., 120 Pa. 394; Com. v. Samuels, 163 Pa. 286; Com. v. Severn, 164 Pa. 462.

*George B. Woomer, J. Marshall Funk* with him, for appellee.—On the question of settlement of account cited: Act of April 15, 1834, sec. 102, P. L. 555, also act of June 25, 1885, P. L. 187; Dyer v. Township, 28 Pa. 186; Brown v. Township, 27 Pa. 109; Blackmore v. Allegheny Co., 51 Pa. 162; Shartzer v. School District, 90 Pa. 192. The case of Davey v. Ruffell was properly decided, but has no reference to the act under consideration. Even if the act of April 11, 1862, P. L. 474, applied to the case of appellant, he has totally failed to comply with its provisions by filing in the court of common pleas the required certificate.

OPINION BY WILLARD, J., April 13, 1896:

In the year 1891, Josiah L. Geesey was elected tax collector of Swatara township, Lebanon county. A duplicate for the collection of school taxes in Swatara Township School District was placed in his hands, amounting to the sum of $2,140.45. On receiving the duplicate Josiah L. Geesey gave a judgment bond to the commonwealth in the penal sum of $7,500, with Abraham L. Light, George Tice and William B. Arnold as sureties. The condition of the bond was that if the said Josiah L. Geesey should well and truly collect and pay over or account for, according to law, the whole amount of taxes charged and assessed in the duplicates which should be delivered to him, and faithfully discharge the duties appertaining to the office of collector of taxes, according to law, then the obligation to be void, otherwise to remain in full force and virtue. This bond contained a warrant of attorney to confess judgment, and judgment was entered thereon in the court of common pleas of Lebanon county to No. 409, June term, 1894. At the suggestion of Swatara Township School District a scire facias was issued upon this judgment to No. 410, June term, 1894. On the trial of the case on the scire facias it appeared that no settlement was ever made between the school district and the

appellee. The school district claimed a balance of $103.46, and the appellee disputed this amount.

It appeared on the trial that the accounts of the appellee had never been audited by the township auditors of Swatara township. This was undisputed and the court below granted a nonsuit and overruled a motion to take off the same. The sole question to be determined in this case is whether the judge was right in granting a nonsuit and in overruling the motion to take it off.

The appellee was appointed under the provisions of an act of assembly entitled, " An act regulating the collection of taxes in the several boroughs and townships in this commonwealth," approved the 25th day of June, 1885, P. L. 187. The constitutionality of this act is questioned by the appellant, but we are not called upon to pass upon this question further than to cite the decisions of the tribunal of last resort in this state, which are decisive of this question. The act has been held constitutional in Evans v. Phillipi, 117 Pa. 226; Bennett v. Hunt, 148 Pa. 257; Commonwealth ex rel. v. Lyter, 162 Pa. 50. "Where a statute has been declared constitutional, an inferior court is bound by the judgment, notwithstanding new reasons are set up against it. The presumption of law is that all the existing reasons were considered and held insufficient:" Wheeler v. Rice, 4 Brewster, 129.

We therefore hold that the act of the 25th day of June, 1885, is constitutional. By a long line of decisions in Pennsylvania it has been held that when a contract for the construction of work contains a stipulation that all questions of dispute arising thereunder shall be submitted to a person named for final decision, that is a bar to a common law action therefor: Hostetter v. The City of Pittsburg, 107 Pa. 419, and cases therein cited.

In the case under consideration we are not dealing with contracts or commercial transactions, but we are to pass upon the requirements of a positive statute imposed upon parties by the lawmaking power. By the 11th section of the act in question it is provided, viz: " The accounts of collectors of taxes shall be settled by township and borough auditors of the proper township or borough; and they shall state a separate account for each different tax collected by him; but collectors of county and state

taxes shall settle with the county commissioners as heretofore." By the provisions of this act, in connection with other acts of assembly not inconsistent therewith, the legislature has established a tribunal in each township clothed with ample power and authority to settle all questions between tax collectors and the authorities appointing the same, giving the right of appeal to the court of common pleas in the case of dissatisfaction, and providing an easy and speedy remedy in case of controversy. Such a tribunal having been provided by law, and it being the duty of the township auditors to audit the accounts of collectors, why should they be compelled to respond to a writ of scire facias upon their official bonds before their liability is fixed by the tribunal constituted for that purpose? The very condition of the bond is to pay over or account for, according to law, the whole amount of taxes charged and assessed in the duplicate. Until such an accounting is had before the auditors, it is obvious that a proceeding at law upon the official bond is premature and unauthorized. The command of the writ is to show cause why execution should not be issued for the amount claimed by the school district. The answer of the appellee is : Until my account is settled by the township auditors and an amount ascertained by them, you have no right to execution. This answer, in our opinion, is conclusive, and the court was clearly right in granting the nonsuit in this case : Blackmore v. County of Allegheny, 51 Pa. 160 ; Brown v. White Deer Township, 27 Pa. 109 ; Dyer v. Covington, 28 Pa. 187 ; Shartzer v. School District, 90 Pa. 192.

The judgment is affirmed.