## Commonwealth to use *v.* Piroth.

*Public officers—Tax collector—Suit on bond.*

An action against the sureties of a tax collector based upon an auditor's report showing what was claimed to be due in lump for three years, cannot be maintained where there are different sureties for each year; nor can recovery be had in such action upon another report attempting to separate the amounts due for each year, which report was made after suit was brought.

Argued May 9, 1901. Appeal, No. 160, April T., 1901, by plaintiff, from order of C. P. No. 1, Allegheny Co., June T., 1898, No. 389, refusing to take off nonsuit in case of Commonwealth to use of School District of Borough of West Liberty v. Frederick Piroth, Sr., Christian Wilhelm, Charles E. Friday and Philomena Bendi, Deceased. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Assumpsit on bond of tax collector. Before BROWN, J.

At the trial plaintiff's counsel offered in evidence the original report of the borough auditors of date June 8, 1897, showing a deficit for the years 1893, 1894 and 1895 of $298.59, and offered to show a subsequent apportionment of the total amount of said deficiency in the original report segregated into the several years, the amount of deficit existing in each year, and a subsequent report of the borough auditors made October 17, 1900.

Objected to by defendants' counsel as incompetent under the law.

The Court: The objection is sustained and exception noted to plaintiff.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*Frank McKelvey,* with him *Joseph A. McDonald,* for appellants.

*Frank I. Gosser,* for appellees.

OPINION BY RICE, P. J., July 25, 1901:

This was an action of assumpsit on the official bond of Frederick Piroth, Sr., as tax collector of West Liberty borough for the year beginning the first Monday of April, 1895. The auditor's report made on June 8, 1897, referred to and made part of the plaintiff's statement of claim, does not show the amount due for the year 1895, but does show what is claimed to be due in lump for the years 1893, 1894 and 1895. The plaintiff, the school district, alleged in its statement of claim that the balance due for the year 1895 was $145.96 with interest thereon from June 26, 1896. The defendants alleged in their affidavit. of defense, that the whole amount of taxes for the year 1895, less exonerations, etc., was turned over to the treasurer. A similar action was brought for the year 1894, both cases were tried together, and the same questions were raised in both.

1. As there were different sureties for each year, it was incumbent on the plaintiff to show what was the deficit for each year. This the auditor's report of June 8, 1897, fails to show.

2. As these suits were brought in 1898, the action of the auditors in October, 1900, could not be admitted in evidence for obvious reasons.

3. In their affidavits of defense originally filed, Piroth swore that his account for 1895 was audited in 1896, and his account for 1894 was audited in 1895, and that no appeals were taken from either of these settlements. It is not clear that the defendants intended to abandon this part of their defense when they filed their supplemental affidavit. Be that as it may, as the case was disposed of on a motion for compulsory nonsuit,

the omission to print the original affidavit did the defendants no harm.   Aside from what is alleged in that affidavit, the court correctly held that the plaintiff could not recover in either action upon the evidence furnished by the auditor's report of June, 1897, and, having declared on that report, could not recover upon another report attempting to separate the amounts due for each year, which report was made after suit brought.

The assignments of error are overruled and the judgment is affirmed.