## Lower Merion Township *v.* Cline, Appellant.

*Appeals—Township—Treasurer—Settlement of accounts.*

A judgment of the court of common pleas on an appeal by a township treasurer from a settlement of his accounts by the township auditors, is final and conclusive, and no further appeal lies to either of the appellate courts.

Argued Jan. 30, 1905. Appeals, Nos. 373 and 374, Jan. T. 1904, by defendants, from order of C. P. Montgomery Co., Oct. Term, 1904, No. 70, making absolute rule for judgment for want

of a sufficient affidavit of defense in case of Lower Merion Township v. Levi S. Cline and the Bryn Mawr Trust Company.    Before MITCHELL, C. J., DEAN, FELL, POTTER and ELKIN, JJ.    Affirmed.

Appeal from settlement of accounts of township treasurer. Before WEAND, J.

The opinion of the Supreme Court states the case.

*Error assigned* was the order of the court making absolute rule for judgment for want of a sufficient affidavit for defense.

*Wm. Righter Fisher*, with him *Henry M. Brownback* and *A. A. Hirst*, for appellant.

*Rowland Evans*, for appellee.

PER CURIAM, April 24, 1905:

The condition of the official bond of appellant Cline, as treasurer of Lower Merion township, was that he should "faithfully perform the duties of his office; keep a just account of all money belonging to the funds of said township that may come into his hands; deliver to his successor in office all papers, books, documents and other things held in right of his office; and pay to such successor any balance of money belonging to said township that may remain in his hands on settlement of his account."·

The plaintiff's statement in the present action, sets forth the bond, and a settlement of the treasurer's account by the township auditors in which they found him indebted to the township in the sum sued for.    From this settlement of his account the treasurer took an appeal under the statute to the court of common pleas which gave judgment against him, and from such judgment we have this appeal.

Counsel have argued the construction of the Act of April 28, 1899, P. L. 104, involving the method of stating the account appellant contending that the auditors erred in charging him prima facie with the full sum of the uncollected taxes.    It is admitted that that is the rule under other and prior acts on the

same subject, but it is claimed that the act of 1899 contemplates a different method.

Before we reach this question, however, we are met with the objection to our jurisdiction. The system of accounting by township officers is entirely statutory, and consists of a settlement in the first instance with the township auditors with a right of appeal to the court of common pleas. No further appeal is provided for, and therefore none lies to the Supreme Court from the judgment of the common pleas: Gangewere's Appeal, 61 Pa. 342; Thomas v. Upper Merion Twp., 148 Pa. 116.

Even if we consider the case as if on common-law certiorari there is no irregularity on the record to show error. It is admitted that a considerable amount of the taxes placed in appellant's hands for collection, remains uncollected. This may have been because they were uncollectable, or because the treasurer failed to exert due diligence in their collection. If the latter was the cause then there was a breach of official duty within the condition of the bond, and he and his surety were properly held liable. The facts have been examined and determined by the only tribunals having jurisdiction to pass upon them, and we have no authority to review their judgment.

Appeal quashed.