## Delaware County v. Cain et al.

*A. J. Williams*, county solicitor, and *Geary & Rankin*, for plaintiff.

*Lutz, Ervin, Reeser & Fronefield*, and *Hannum, Hunter, Hannum & Hodge*, for defendants.

FRONEFIELD, P. J., April 10, 1933.—The plaintiff has brought suit against John J. Cain and his surety, Independence Indemnity Company, for fees which John J. Cain is alleged to have received as sheriff of this county during the years 1930, 1931, and 1932.

The defendants filed an affidavit of defense in the nature of a demurrer.

The amended statement of claim avers that this county is of the third class; that Cain is and has been its sheriff since the first Monday in January 1930,

and has performed his duties; that Independence Indemnity Company is his surety; that it is his duty to collect certain fees and to pay all of them to the County of Delaware; that he has executed 1731 writs of lev. fa.; 335 writs of vend. ex., and 2097 writs of fi. fa., wherein real estate was sold; that he collected $7.50 on each of these writs, which was due and payable to the County of Delaware, but which he has not paid to said county; that the costs on writs of lev. fa. and vend. ex. are $18 and on fi. fa. $20.50, aggregating from February 3, 1930, to August 1, 1932, a total of $31,147.50.

To this statement, the defendants filed their affidavit of defense in the nature of a demurrer, naming several reasons, but they argue only one, that the claim against Cain should be proceeded with through the controller and not by an action in assumpsit.

The General County Law of May 2, 1929, P. L. 1278, sec. 341, enacts that the county controller shall have general control of the accounts of all officers who collect the public moneys of the county, and, by section 344, shall show all debts and accounts due by said officer, and, by section 345, shall in January of each year make a report to the court of common pleas of the county of all receipts of the said officers, which report shall be published. Section 378 provides that the report shall be filed among the records of the court of common pleas and shall have the effect of a judgment against the officer who shall appear in it to be indebted to the county. An appeal may be taken by the county or the officer to the court of common pleas.

The county controller's duties embrace those formerly performed by the county auditors: O'Gara et al., County Commissioners, v. Phillips, 297 Pa. 526; Bachman's Appeal, 274 Pa. 420; and their decision is conclusive, in the absence of fraud, if no appeal be taken from their report: Blackmore et al., Executors, v. County of Allegheny, 51 Pa. 160; O'Gara et al., County Commissioners, v. Phillips, supra; Commonwealth ex rel. v. Garard, 60 Pa. Superior Ct. 42, 51. Procedure before the controller is exclusive.

In Blackmore et al., Executors, v. County of Allegheny, 51 Pa. 160, Justice Agnew said, "a special tribunal has been erected with all necessary judicial powers to determine the indebtedness from or to the officer, and enforce collection in due course of law;—and this, under the provisions of the 13th section of the Act of March 21st 1806, precludes a resort to an action at common law. The decision of this tribunal is also conclusive, and cannot be inquired into, either by the same tribunal at another time, or by a court of law, except in the manner provided, upon an appeal by the county or the officer. A long line of decisions has set this point at rest." See also Godshalk v. Northampton Co., 71 Pa. 324; Northampton County v. Herman, 119 Pa. 373; Westmoreland County v. Fisher, 172 Pa. 317; Commonwealth, to use, v. Piroth, 17 Pa. Superior Ct. 586; Branch Township v. Youndt, 23 Pa. 182.

In Senor v. Dunbar Township School District, 307 Pa. 190, the plaintiff brought suit in assumpsit against the school district for an overpayment of taxes, which was tried without a jury, wherein it was held that the matter must be presented to the auditors and that the Act of 1806 precludes resort to an action at common law. In the cases cited by the plaintiff, this question was not raised nor passed upon.

It follows that the present action will not avail the plaintiff.

And now, April 10, 1933, judgment is hereby entered in favor of the defendants, with costs to the plaintiff, without prejudice to the plaintiff to proceed in the proper way.

From William R. Toal, Media, Pa.