## Shade Township v. Miller

*Harry C. James* and *Clarence L. Shaver*, for plaintiff.

*Paul A. Koontz*, for defendant.

WRIGHT, P. J., August 11, 1944. — Plaintiff instituted an action in assumpsit, and defendant has obtained a rule for a more specific statement of claim. Percy F. Miller was the tax collector for plaintiff township during the years 1935, 1936, and 1937, and defendant was allegedly one of the sureties on Percy F. Miller's official bond for each of the three years in question. The statement of claim is based upon an auditors' report for the year 1939, which report surcharges Percy F. Miller "for the years 1935, 1936, and 1937 the sum of $3,155.68 . . . which surcharges now made shall hereby supersede and take the place of any and all surcharges heretofore made by the undersigned or their predecessors in office as auditors of Shade Township". Defendant contends that the statement must specify the amount claimed for each particular year. Plaintiff asserts that it is unable to furnish more specific information and takes the position that the auditors' report, unappealed from, is binding upon the defendant and cannot be collaterally attacked.

Township auditors constitute a special tribunal with all necessary judicial powers to determine indebtedness from or to township officers. The decision of this tribunal ordinarily cannot be inquired into except on appeal: Senor v. Dunbar Township School District, 307 Pa. 190. See also Skelton v. Lower Merion Township, 318 Pa. 356, and Riehl et al. v. Miller et al., 319 Pa. 201. The Pennsylvania rule is that auditors' reports are conclusive upon sureties so far as official mis-

conduct and the amount of damages is concerned, but sureties are not precluded from raising personal defenses which are available from the nature of the obligation: St. Paul Mercury Indemnity Company's Appeal, 325 Pa. 535. See also Commonwealth, to use, v. Turner, Executrix, et al., 340 Pa. 468, and Carbondale City School District v. Fidelity & Deposit Company of Maryland, 342 Pa. 322.

The exact question now before the court is one of pleading. Defendant contends that in order to raise certain questions, inter alia, his right of contribution against co-sureties and the defense of forgery as to one bond, the amount due for each year must be specified. We agree with this contention. While this is but one suit, it is based upon three distinct obligations. We do not feel that plaintiff is relieved from specifying the amount due on each merely because the auditors made a lumping surcharge in some later year. Incidentally, an audit, unappealed from, cannot be superseded by a subsequent audit: Mauch Chunk Township School District v. Fisher et al., 130 Pa. Superior Ct. 328. The closest case we have discovered is Commonwealth, to use, v. Piroth, 17 Pa. Superior Ct. 586, which involved a suit in assumpsit on the bond of a tax collector for the year 1895. Plaintiff offered in evidence an auditors' report for the year 1897 showing a lump deficit for the years 1893, 1894, and 1895. The court below refused to admit the evidence and entered a compulsory nonsuit which action was affirmed by the Superior Court. Judge Rice said: "As there were different sureties for each year, it was incumbent on the plaintiff to show what was the deficit for each year". See also Township of Carbondale v. Bonner et al., 5 Luz. Leg. Reg. 381, 383.

Although the question has not been raised, we feel it our duty to call to the attention of counsel the serious doubt in the court's mind whether the language of the

bonds in question actually creates several obligations: See Baldwin v. Ely, 127 Pa. Superior Ct. 110.

### Decree

Now, to wit, August 11, 1944, rule absolute, and plaintiff is allowed a period of 15 days in which to file a more specific statement of claim.