## Warminster Township Appeal

*Edward J. McGlinchey*, for appellant.
*Smith, Mountenay & Mims*, for appellees.

MONROE, J., November 9, 1962.—An auditors' report of the fiscal affairs of the Township of Warminster for the year 1961, was signed and filed in the office of the clerk of quarter sessions court on March 1, 1962, by two of the three auditors of said township. On March 8, 1962, the third township auditor, appellant herein, filed in said office a report which might be styled a minority report, wherein certain violations of the Township Code, and financial losses by reason thereof, are alleged. Appellant, on April 13, 1962, filed in this court a paper bearing the heading "appeal from audit of Warminster Township" wherein it is averred, inter alia, that she is a registered elector of the township and on behalf thereof appeals from the report filed by the majority of the auditors "because they have failed

to set forth in their report the following violations together with surcharge." The alleged violations (of the Township Code) and alleged monetary losses to the township thereby are then listed. It concludes with a prayer for a rule on the auditors who filed the majority report to show cause why they should not be surcharged in the amount of the alleged losses to the township by reason of the alleged violations of the code. Its burden seems to be that this court should surcharge the majority auditors because their report did not contain a surcharge of the township officers whose alleged violations of the Township Code brought about the losses mentioned. It does not request that any township officer, other than the two majority auditors, be surcharged. It does not challenge the standing of the majority report as the official report of the auditors of the affairs of the township for the year 1961. The rule prayed for was issued. The majority of the auditors, respondents herein, have filed an answer contesting the authority of this court to surcharge them. No other township officer has been made a party to the rule or has joined or entered an appearance in respect thereof. The only question presently before us, therefore, is the disposition we should make of the rule.

The system of accounting by township officers is entirely statutory, and consists of a settlement in the first instance with the township auditors with a right of appeal to the court of common pleas: Lower Merion Township v. Cline, 211 Pa. 559, 561 (1905). Article V (e), sections 545 to 563, of The Second Class Township Code of May 1, 1933, P. L. 103, is the controlling legislation on the audit of fiscal affairs of townships of the second class and of the accounts of the officers thereof, the duties and powers of the auditors, the contents and filing of their report, and appeal therefrom.

It is made the duty of the township auditors to audit, settle, and adjust the accounts of the supervisors, su-

perintendents, roadmasters, treasurer, and tax collector of the township, to audit the dockets, transcripts and other official records of justices of the peace, to audit the township's financial affairs. For these purposes the auditors have power to issue subpoenas and attachments to compel the appearance of the officers and witnesses, and the production of all books, vouchers and papers relative to such accounts; and to examine the accountants as well as others, under the penalties of perjury for false swearing. The auditors are required to prepare on the prescribed forms a report of their audit and file executed copies thereof with the secretary of the township, the Department of Internal Affairs and the Department of Highways and the clerk of the court of quarter sessions. From such audit and settlement appeal may be taken to the court of common pleas by the township or any registered elector or taxpayer thereof on its behalf, or any officer whose account is settled or audited by the auditors.

Clearly the legislation has created a special tribunal, with all necessary judicial powers to carry out its purpose, to wit, an examination of the acts of officers who control the purse strings of the township and who have received and disbursed public monies thereof, the preparation and filing of a report thereof, surcharging therein "any elected or appointed officer, whose act, error or omission has contributed to the financial loss of any township . . . with the amount of such loss . . ." Compare Blackmore v. The County of Allegheny, 51 Pa. 160, 163; Skelton v. Lower Merion Township, 318 Pa. 356, 360.

Nowhere in the Township Code is authority granted to the auditors to receive or disburse township funds or to control the disposition of its finances, except in limited instances such as the fixing of the compensation of the supervisors under the provisions of section 515 of the Township Code. They are not required

to keep accounts which could be subject to audit. A power to surcharge themselves or any one of their members is not expressly given by the second class township code nor could such a power be implied. The absurdity of the grant of such a power is apparent on its mere suggestion. "The turpitude of acting both as a judge and party in the same cause, cannot but be obvious to the dullest comprehension": Boyer v. Potts, 14 S. & R. 157, 158; Kistler v. Carbon County, 154 Pa. Superior Ct. 299, 308 (1943). The legislature does not intend a result that is absurd, impossible of execution or unreasonable: Statutory Construction Act of May 28, 1937, P. L. 1019, sec. 52, 46 PS §552. The Township Code provides remedies for dereliction of duty on behalf of the auditors. If one fails or refuses to act, "Two auditors shall constitute a quorum": section 545. Those who refuse or neglect to perform their duties are subject to removal: section 503. Any auditor neglecting or refusing to comply with the provisions of the code pertaining to auditors and their duties is subject to prosecution by way of summary convictions: section 549. Section 547 provides a penalty for wilful failure to file the township audit report. They are subject to mandamus proceedings: Commonwealth ex rel. District Attorney v. Moyer, 7 D. & C. 179 (1925). Obviously, then, the legislature did not intend that the auditors themselves, or any one of them, should have the power to surcharge those auditors who might be guilty of malfeasance, misfeasance, or dereliction of duty. Even though the township may have suffered a loss through dereliction of duty on the part of township officers (which we do not decide), unless some statutory provision invests us with authority to grant the relief requested by appellant, the rule must be discharged. We have found no such statutory provision nor has our attention been convincingly directed to such authority.

It is only on appeal from the settlement or audit of the township auditors that the jurisdiction and authority of the court of common pleas attaches. Its jurisdiction is appellate, and is as complete as the auditors had: Hanover Township School District v. Hughes, 14 Luz. 9-12, 17 Dist. R. 781. But nowhere in the Second Class Township Code or elsewhere can be found, expressly or impliedly, a grant of authority to this court to surcharge an auditor for failure to perform the duties of his office.

Therefore, since neither the auditors, in the first instance, nor this court, on appeal or application to it, can surcharge one or more of the auditors, the rule must be discharged and, therefore, we are not required at this time to pass upon the propriety of the audit and report made and filed by the majority auditors.

*Order*

And now, November 9, 1962, the rule granted April 13, 1962, on Eugene D. Kelley and Marlyn A. Goldsworthy to show cause why they should not be surcharged is discharged, at the cost of appellant, Ritanne R. McDonald.