## Long's License.

*Liquor laws—Retail license—Practice, Q. S.—Terms of court.*

An order granting a retail liquor license will not be reversed, because, pending the filing of the petition, and the entry of the final order, the term of the judge of the Quarter Sessions terminated and another person succeeded him as judge.

The exercise of the powers of the Court of Quarter Sessions, which require no assistance from juries, are not in abeyance when the court is not sitting for the trial of causes and the attendance of grand and petit jurors; all of such powers which can be properly exercised by the judge alone, may be performed at any time unless otherwise provided by law, and for the exercise of such powers each term lasts until the next one begins.

Where an order is made by the Quarter Sessions refusing a liquor license, and a petition for reconsideration is filed in the same term, and a rule is granted returnable to the first Monday of the next term, the whole question is fairly before the court, and if in the second term the rule is made absolute and a hearing is had which results in the granting of the license, the court acts entirely within its lawful powers, and it cannot be held that such time had elapsed as made it legally impossible for a reconsideration of the earlier order.

Argued Oct. 2, 1916.  Appeal, No. 108, Oct. T., 1916, by T. A. Auman, W. J. Kreider and J. W. Zeigler, J. W. Meyer, et al., granting a retail liquor license In re Application of Clarence E. Long.  Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.  Affirmed.

10, (1916).]    Assignment of Error—Opinion of the Court.

Petition for a retail liquor license.

The opinion of the Superior Court states the case.

*Error assigned* was order granting the license.

*W. D. Zerby,* for appellant.—The court has no power to vacate or strike off a judgment that has been regularly entered: Reynolds v. Barnes, 76 Pa. 427; Horner & McCann v. Hower, 39 Pa. 126; Woods v. Irwin, 141 Pa. 278; Lawrence v. Smith, 215 Pa. 534; Good v. Grit Pub. Co., 214 Pa. 614.

No successor in office to a judge can have any right, jurisdiction, or authority to review a decree made by his predecessor refusing a license when the record is in every particular regular.

*N. B. Spangler,* with him *W. Harrison Walker,* for appellee.—The court had the right to grant a rehearing: Daly, to use, v. Thompson, 5 D. R. 749; Hamilton's Application, 7 Pa. C. C. R. 113; Lauck's App., 2 Pa. Superior Ct. 53; Brezger's License, 34 Pa. Superior Ct. 470.

The succeeding judge had a right to grant a rehearing of the order made by his predecessor: Penn Mut. Life Ins. Co. v. Ashe, 145 Fed. Rep. 593.

OPINION BY HEAD, J., October 30, 1916:

At the regular time fixed by rule of court for the hearing of license applications in Centre County, the application of Clarence E. Long was heard. The record shows the hearing was continued on December 23d and again on December 29th, on each of which dates testimony was presented. On January 1, 1916, an order was made refusing the license. On February 18th following, the applicant presented his petition for a rehearing and reconsideration of the order, for the reasons set forth in his petition. The court thereupon granted a rule to show cause why the prayer of the petition should not be al-

lowed, returnable to the first Monday of March. On that day the appellants filed an answer to the rule. On March 24th the rule was made absolute, and on March 30th a hearing was had in open court and testimony taken, at the conclusion of which the court made an order approving the bond of the applicant and granting the license. From that order the remonstrants appealed.

In such cases our revisory jurisdiction confines us to an examination of the record, and the ascertainment therefrom that the subject-matter was within the jurisdiction of the court and that the proceeding was conducted according to law. We need not concern ourselves with the fact that the proceeding as detailed in the record above quoted was begun by Judge Orvis and concluded by Judge Quigley. Generally speaking, and under normal conditions, the Court of Quarter Sessions is, in contemplation of the law, a continuous entity. The commission of one incumbent of the office expires and he lays down his robe of office, but in the same instant it is assumed by his successor, and the court exists as a continuous body.

But one other matter calls for a brief discussion. The rules of the Court of Quarter Sessions of Centre County provide that public sessions of the court for the trial of both civil and criminal causes shall be held on the fourth Monday of February, the third Monday of May, the fourth Monday of September and the first Monday of December, each to continue for a period of two weeks. There were thus four terms of the court in each year, and the period of two weeks in each term was assigned for the trial of causes, and the attendance of grand and petit jurors for the performance of their regular functions in such trials. But the powers of the Court of Quarter Sessions, the exercise of which required no assistance from juries, were not in abeyance in the meantime. All of such powers which could be properly exercised by the judge alone could be performed at any time, unless otherwise provided by law, and for the exercise

of such powers each term lasted until the next one began. It is clear then the first hearing on December 18th was had in the December term of 1915, which term began on the first Monday of December. In the same term the order refusing the license was made, the petition for reconsideration of the order and a reopening of the case was filed, and a rule to show cause granted, returnable to the first Monday of March. By that rule the proceeding was properly carried over from the December term to the March term, and the whole question was fairly before the court for its consideration. In that same March term the rule was made absolute, and the time for a hearing fixed. The hearing was had and the order or decree now appealed from was made. It appears to us there is no room for doubt the court was acting entirely within its lawful powers, and it cannot be successfully argued such time had elapsed as made it legally impossible for a reconsideration of the earlier order.

The assignments of error are overruled and the appeal dismissed at the costs of the appellant.