## McCann's License.

*Liquor law—Refusal of license—Vacation of order in same term —Discretion of court.*

Where an order refusing a liquor license is revoked in the same term, and at the same time an order is made granting the license for reasons set forth in the order, the appellate court will not reverse the second order in the absence of anything to show that the lower court abused its discretion in vacating the first order and in granting the license.

Argued Oct. 23, 1916. Appeal, No. 47, April T., 1916, by Sarah B. Brady, from order of Q. S. Westmoreland Co., Feb. T., 1916, No. 48, granting a liquor license In re License of P. F. McCann. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART and WILLIAMS, JJ. Affirmed.

Petition for a retail liquor license.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was the final decree quoted in the opinion of the Superior Court.

*S. W. Bierer,* for appellant, cited: Meenan's License, 11 Pa. Superior Ct. 575; English's License, 59 Pa. Superior Ct. 621.

*James S. Moorehead,* with him *Robert W. Smith,* for appellee, cited: Raudenbusch's Petition, 120 Pa. 328.

OPINION BY ORLADY, P. J., December 16, 1916:

The license court of Westmoreland County entered the following decree, "and now April 1, 1916, after full hearing at time fixed by rule of court and upon due consideration, license refused." On May 1, 1916, the court made a further decree on the application for license, viz: "Owing to the fugitive character of the conditions which alone occasioned the entry of the decree of April 1, 1916, the true nature of which is further emphasized by papers to be herewith filed, the court is convinced that the same is, and was inappropriate for effecting the true justice of the case, and that the same should be and hereby is vacated and set aside, and in lieu thereof, it is ordered adjudged and decreed that the bond filed with the application and the surety thereon, be approved, license granted, and ordered to issue to the applicant, on payment of license fees, as provided by law, said license to be held by the clerk, however, and not delivered to the applicant before the 25th day of May, 1916, at 9 o'clock, a. m."

From this record it clearly appears that the appellant's petition was regularly disposed of, and that after a full consideration his license was refused. The second and final order was made within the term, and the reason given for reversing the earlier decree was fully warranted under the facts as stated by the license court.

As stated in many decisions, "We may review the proceeding of the license court, so far as to see whether they have kept within the limits of power conferred by the acts of assembly, and have exercised them in conformity with the law." When after a rehearing within the term time, as stated by the court below, "for effecting the true justice of the case," there must be some definite and specific facts shown to indicate an abuse of legal discretion before an appellate court would reverse the order.

By reason of the large number of such applications, the investigations made by the license judges as well as their knowledge of places and persons considered and the

supporting and opposing witnesses, very much must be left to these judges in interpreting the rules of court, and unless there is a clear abuse of discretion, we will not substitute our judgment for theirs: 2 P. & L. Dig. of Dec., 3126-3130, 11 Cyc. 743; Lance v. Bonnell, 105 Pa. 46.

The decree is affirmed.