# In re Petition of P. N. McNeal.

*Liquor law—Retail license—Practice, Q. S.—Terms of court.*
1. Where an order is made by the court refusing a liquor license and a petition for rehearing is filed in the same term, and a rule granted returnable within the term, which is afterwards continued to a date within the next term, and if the rule is made absolute and a license granted after rehearing, the court acts entirely within its powers.

*Liquor law—Newspaper notice—Act of May 13, 1887, P. L. 108.*
2. Applications for license to sell liquor at retail are properly advertised if they comply with the provisions of the Act of May 13, 1887, P. L. 108.

Argued March 5, 1918. Appeal, No. 46, March T., 1918, by R. F. Lesh et al., Remonstrants from order of Q. S. Susquehanna Co., Jan. T., 1918, No. 20, granting a liquor license in the matter of petition of P. N. McNeal. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Petition for a retail liquor license. Before NEWCOMB, J.

The facts are stated in the opinion of the Superior Court.

The appellants' statement of questions involved was as follows:

"First—Finality of decree and judgment of Court of Quarter Sessions in a license case, entered adversely in the sound discretion of the court on the facts after trial.

"Second—Can there lawfully be any practice established for new trials in license cases.

"Third—Application of Article V, Section 26, of Constitution of Pennsylvania requiring uniformity of court procedure and finality of decisions.

"Fourth—No legal advertisement of petitions in this case."

*Error assigned* was the order granting the license.

*Edson W. Safford,* for appellants.

*Thomas A. Doherty,* for appellee.

OPINION BY PORTER, J., February 28, 1919:

The hearing upon this application for license was held in the court below on December 4, 1917, and on the 10th day of the same month the court filed an order refusing the license. It is conceded that under the rules of the Court of Quarter Sessions of Susquehanna County the next term of the court began on Monday, January 28, 1918, in the meantime, to wit, on January 14, 1918, the appellee presented his petition for a rehearing on his application and on January 17th the court granted a rule to show cause why a rehearing should not be had and the license granted, which rule was duly served upon the exceptants and remonstrants, and was returnable January 23d. This was within the term at which the hearing upon the application had been had and the order made refusing the license. On January 23d the court made an order continuing the hearing on the rule to January 30, 1918, which date was within the next term of the court. The court, at the next term, made absolute the rule for a

rehearing, and after a rehearing on February 4, 1918, entered an order granting the license. The remonstrants appeal from that order. The authority of the court below to enter a rule for a rehearing, during the term at which the order refusing the license was made and to dispose of that rule at the next term and grant the license was considered by this court in Long's License, 65 Pa. Superior Ct. 10, and McCann's License, 65 Pa. Superior Ct. 80. We there held that the court had authority to do what the court below did in the present case and nothing can with profit be added to what was said in those decisions. This disposes of the first, second and third questions supposed to be involved in this appeal.

We have decided in Kilrow's License, in which an opinion has this day been filed, that applications for license to sell liquor at retail are properly advertised under the provisions of the Act of May 13, 1887, P. L. 108, and what is there said disposes of the remaining question presented by this appeal.

The order of the court below is affirmed and the appeal dismissed at cost of the appellant.