Dissenting opinion by
Hirt, J.,
I confess to sharing tbe impatience of tbe man on tbe street with any law which, under these or like circumstances, would relieve a convicted felon from every penalty merely because be was sentenced on Monday instead of on Thursday, or Friday, or Saturday, of tbe week before. If it is tbe law that a convict may thus obtain legal absolution from all penalty for his crimes, this case will suggest a new use for a motion for a new trial or in arrest of judgment. One, however palpably guilty and properly convicted, may find it to bis advantage to move for a new trial or in arrest of judgment solely for tbe purpose of delay, on the off chance that tbe sentencing judge ultimately may be caught in this same court-made trap. In my view, the pendulum of reaction from tbe reversal of our Micholetti case by tbe Supreme Court has swung too far, in the disposition of the present appeal by tbe majority of this Court. I cannot accept tbe view that tbe law of tbe Micholetti case, as decided by our Supreme Court, has any application here. Tbe same may be said of tbe Boyer case, also relied on by tbe majority, which merely reaffirmed tbe now settled principle that “where a court does not sentence tbe defendant and does nothing to preserve its power to later sentence, it does not have tbe power to sentence tbe defendant at a subsequent term of court”. Tbe difference between tbe present appeal and these two cases is fundamental and real.
In tbe Micholetti case tbe defendant pleaded guilty to six charges of burglary and was sentenced in Febru *606 ary 1942. Later in the same term the court revoked the sentences without preserving its authority, by an appropriate order to resentence the defendant thereafter. On May 21, 1942, the court entered an order suspending sentence but this order was ineffective for the purpose because entered in a subsequent term. At a still later term, the court revoked the suspension order and re-sentenced the defendant on the bills to which he had pleaded guilty. In the Boyer case, also, the defendant pleaded guilty, but no order was made by the court to preserve its power of sentence and the defendant was not sentenced until the following term. In both the Micholetti and the Boyer cases the sentences imposed after the terms, in which the defendants pleaded guilty, were vacated and set aside by the Supreme Court. In neither of those cases did the defendant at any time question the validity of his conviction, by moving to have his pleas stricken off, or otherwise. Here, on the contrary, the defendant after having been duly tried and convicted, promptly moved for a new trial, and in arrest of judgment, and rules were granted on the motions.
It would seem that the rules which the defendant himself invoked, of themselves, had the effect of deferring sentence to the indefinite future time of the disposition of the rules by the court. My research has failed to disclose a single Pennsylvania decision where a trial court has been held powerless to sentence a defendant at a subsequent term when a motion for a new trial or other relief has been promptly presented to the court by a defendant. And we know of no procedure requiring a court on granting a rule to show cause on such motion to formally defer sentence pending disposition of the rule.
Moreover the law does not impose the burden on any court of disposing of such rules within term time. Pracwhere a criminal trial is protracted to within a few days *607 of the end of the term, or where the illness of defendant, or of counsel, or of the trial judge, intervene, or the burden of pressing matters in a busy court prevents an early disposition of the rules. It is not always necessary that sentence be imposed before the end of the term of a defendant’s conviction. Cf. Commonwealth v. Mayloy, 57 Pa. 291, 300.
In the instant case it may be regarded as accidental that a conclusion was reached by the lower court, and the rules on defendant’s motions were discharged, within the term of his conviction. There then remained but three days before the expiration of the term. For any one of a number of reasons it might have been impossible to get the defendant in for sentencing within that short time. If on bail and seeking further delay, the defendant conceivably could have been produced for sentence only through his bondsman. However that may be, it seems clear that the fact that defendant was sentenced on the first day of the term following the refusal of defendant’s motions has no bearing on the legality of the sentence. A rule once granted by a court on a defendant’s motion for a new trial or other proceeding, questioning the validity of his conviction, has the necessary effect of postponing sentence to a future indefinite date without regard to the term of the defendant’s conviction and without deferring sentence or other specific order by the court to that effect. By analogy the principle of Long’s License, 65 Pa. Superior Ct. 10, has some bearing on the question. In that case a liquor license had been refused. Thereafter on the applicant’s petition a rehearing was granted returnable at the next term of court, without a stay of proceedings or other like order so far as disclosed by the record. It was there held that the court acted within its powers in revoking its former order after again hearing the applicant and in granting the license at a subsequent term of court. McNeal’s Petition, 71 Pa. Superior Ct. 101, is to the *608 same effect. The principle controlling the disposition of Commonwealth v. Mayloy, supra, (discussed in Commonwealth ex rel. Billman v. Burke, Warden, 362 Pa. 319, 66 A. 2d 251) has no application. There the defendant was convicted and sentenced and the rule to reconsider the sentence was entered by the court of its own motion and not on any application of the defendant. It was there held that the court had no power thus to reconsider the judgment and alter the sentence at a subsequent term.
In my opinion all that this defendant was entitled to was the disposition of his motion and his sentence by the court, upon denial of relief, within a reasonable time thereafter. In neither of these respects were his rights violated. I find no legal reason for setting aside the sentences in this case and on that ground file this dissent.