# THE COUNTY OF NORTHAMPTON v. GEORGE F. HERMAN.

ERROR TO THE COURT OF COMMON PLEAS OF NORTHAMPTON COUNTY.

Argued March 8, 1888—Decided March 19, 1888.

The itemized statements of a sheriff's account against the county, based upon the fee bill of § 1, act of June 12, 1878, P. L. 187, were settled and adjusted by the auditors, their report unappealed from and the account paid. Subsequently, the said act having been adjudged unconstitutional, the sheriff brought assumpsit against the county claiming to recover the difference unpaid for the same items of service under § 2, act of April 2, 1868, P. L. 3: *Held*, that the auditors' settlement unappealed from was conclusive and he was not entitled to recover.

Before GORDON, C. J., PAXSON, STERRETT, GREEN and WILLIAMS, JJ.; TRUNKEY and CLARK, JJ., absent.

No. 358 January Term 1888, Sup. Ct.; court below, No. 15 February Term 1888, C. P.

As of September 12, 1887, in an action of assumpsit by George F. Herman against the county of Northampton the following case stated was filed:

The plaintiff, George F. Herman, was sheriff of Northampton county from January 1, 1881, to January 1, 1884.

That the exhibit A, herewith attached, and made part of this case stated, represents the number of criminal cases in the courts of Quarter Sessions and Oyer and Terminer from February Term 1881, to December Term 1884, both inclusive. That exhibit B, hereto annexed and made part of this case stated, represents the number of jurymen summoned by the sheriff aforesaid, in the Quarter Sessions and Oyer and Terminer, from February Term 1881, to December Term 1884, both inclusive, to wit, 1308. That exhibit C, hereto annexed and made part of the case stated, represents the number of jurymen summoned by the plaintiff, as sheriff aforesaid, from April Term 1881, to January Term 1884, both inclusive, in the Court of Common Pleas of Northampton county.

That under sheriff's fee bill, April 2, 1868, P. L. 3, the sheriff of Northampton county was entitled to charge the county for services as follows:

Fee on every other (than capital) criminal case, . $1.25

Fee on commitment for any criminal matter, . . 50

For each juror summoned, etc., . . . . . . . 30

That under sheriff's fee bill, June 12, 1878, P. L. 187, he was entitled to charge the county as follows:

Fee on every other (than capital) criminal case, . $1.00

Fee on commitment for any criminal matter, . . . 40

For each juror summoned, etc., . . . . . . . 25

That the statement in exhibit A, under "Amount Received," represents the amount received by the plaintiff during his term of office, from the county of Northampton for criminal cases therein named, upon bills presented by him, and paid by the county in full as presented. That the said act of June 12, 1878, was on April 12, 1886, declared to be unconstitutional by the Supreme Court of Pennsylvania.

If, upon the above stated facts, the court shall be of the opinion that the plaintiff is entitled to charge for his services under the act of April 2, 1868, as aforesaid, then judgment to be entered for the plaintiff for $283.15, being the balance of fees unpaid, and costs, for all not barred by statute of limitations. But, if the court should be of the opinion that the plaintiff was not entitled to be paid under the fee bill of April 2, 1868, aforesaid, then judgment to be entered for the defendant with costs. Either party reserving the right to sue out a writ of error.

On February 6, 1888, the court, SCHUYLER, P. J., filed the opinion and decree:

The facts are as follows:

We need not discuss the question here raised, as identically the same question, on a similar state of facts, has been passed upon by an exceedingly competent judge in the comparatively recent case of Skinner v. Franklin Co., 3 Pa. C. C. R. 424. In that case Judge Rowe, in a well considered opinion, reaches a conclusion adverse to the present defendant. We adopt that conclusion and the reasoning on which it was based, with great satisfaction. The case in hand, however, differs from Skinner v. Franklin Co., in a collateral particular which it is but proper should be noticed as bearing upon a question of practice.

In neither case does it appear as one of the admitted facts that the county auditors had audited the plaintiff's accounts from year to year, and the fact not appearing, it must be taken as not existing: Canonsburg v. Union N. B., 4 Cent. R. 258. But in the case in hand, when it was called for argument, the present learned solicitor for defendant, the case stated having been signed by his predecessor in office, moved to amend by inserting the omitted fact just mentioned. We cannot, of course, force an amendment, for that would be varying the contract of the parties, but we can withhold judgment except upon terms. " A statement of the case is, itself, not conclusively binding on the parties. Whenever it can be shown that there is a defect in it, no judgment should be given:" Cook v. Shrauder, 25 Pa. 314.

There can be no doubt that the fact is as claimed by the learned solicitor for the defendant. Judge Rowe thinks it

would not change the defendant's liability, even if the facts were admitted, and I am strongly of the same opinion; but the Supreme Court may think differently, and it is but fair to the defendant that the fact should appear upon the record. To meet this aspect of the case, a qualified judgment will be entered.

And now, February 6, 1888, it is ordered that judgment be entered in favor of the plaintiff for $283.15, provided that the plaintiff, within five days from this date, consents in writing, to be filed in the cause, that the case stated be amended as above indicated; failing in which, it is ordered that the case stated be quashed.

Upon the filing of this order, the plaintiff put upon record an admission that his accounts as sheriff "were for each year audited by the county auditors upon the bills presented to the commissioners, as recited in the case stated to which this is supplementary, and which reports were unappealed from." The court then ordered judgment absolute for the plaintiff, whereupon the defendant took this appeal, assigning as error the entry of said judgment.

*Mr. H. S. Cavanaugh*, for the plaintiff in error:

It is very clear there can be no recovery in this case for two reasons: (1) Because the plaintiff's accounts had been settled and he voluntarily accepted the smaller sum in full payment of all his demands. (2) His accounts having been passed upon by the county auditors, their report, being unappealed from, is conclusive.

1. A voluntary submission of his claim and an acceptance of payment therefor, even under a mistaken view of the law, cannot be revoked so as to permit a new claim: Lamborn v. Commissioners, 97 U. S. 185; Union Ins. Co. v. Allegheny, 101 Pa. 250; Real Est. Sav. Inst. v. Linder, 74 Pa. 371; Boas v. Updegrove, 5 Pa. 516. Money paid under an act of assembly, subsequently declared unconstitutional, cannot be recovered back: Taylor v. Board of Health, 31 Pa. 73; McCrickart v. Pittsburgh, 88 Pa. 135; Lamborn v. Commissioners, 97 U. S. 185; United States v. Adams, 7 Wall. 463; United States v. Justice, 14 Wall. 548.

2. The Act of April 15, 1834, P. L. 545, providing for the settlement of the accounts of the commissioners, treasurer, sheriff and coroner, by the county auditors, further provides that their report filed shall have the effect of a judgment against the real estate of the officer, limiting the time for an appeal to sixty days after filing. The decision of this tribunal is conclusive and cannot be inquired into except upon an appeal in the manner provided: § 13, act of March 21, 1806, 4 Sm. L. 332; Blackmore v. Allegheny County, 51 Pa. 160; Wilson v. Clarion County, 2 Pa. 17; Northumberland Co. v. Bloom, 3 W. & S. 542; Northampton Co. v. Yohe, 24 Pa. 305; Commissioners v. Lycoming Co., 46 Pa. 496; Richter v. Penn Tp., 9 Pa. 79; Porter v. School Directors, 18 Pa. 144; Brown v. White Deer Tp., 27 Pa. 109; Dyer v. Convington Tp., 28 Pa. 186; Hutchinson v. Commonwealth, 6 Pa. 124.

There was no argument in behalf of the defendant in error.

OPINION, MR. JUSTICE STERRETT:

This case stated, as amended in the court below, presents substantially the following facts. Plaintiff having been duly elected, served as sheriff of the county for three years from January 1, 1881, during which time, at stated intervals, he presented to the county commissioners accounts of the fees which he claimed were due and payable to him by the county. These accounts having been approved in due course, the amounts thereof respectively were paid in full. They were afterwards examined and passed upon by the county auditors from whose reports no appeal was ever taken.

The itemized statements of account above referred to were based upon the sheriff's fee-bill supposed to have been established by the act of June 12, 1878, and, in the aggregate, they footed up $283.15 less than the same services amount to under the fee-bill of April 2, 1868. On April 12, 1886, the said act of June 12, 1878 was pronounced unconstitutional by this court: Morrison v. Bachert, 112 Pa. 322, and, of course, the fee-bill of April 2, 1868, which was supposed to have been supplied by it, was thenceforth recognized as the only valid fee-bill, and inasmuch as the latter provides for a higher scale of fees, the loss of the less favorable act was not deplored by

those who were benefited thereby. Plaintiff accordingly claimed he was entitled to demand and receive from the county the difference, $283.15, above stated, and the court below was asked to decide whether, upon the admitted facts, he was legally entitled thereto or not. In view of the fact that the fee-bill of 1868 had never been supplied or repealed and was therefore the only one in force, the court was of opinion that plaintiff should be paid for his services according to the schedule of fees established by it, and hence he was entitled to judgment against the county for the amount above stated.

That conclusion is logical and sound, unless plaintiff was concluded by his settlements with the county commissioners and subsequent adjudications of the county auditors from which no appeal was ever taken; and, on principle as well as authority, we are constrained to say these are an absolute bar to his recovery: Blackmore v. County of Allegheny, 51 Pa. 160, and authorities there cited, viz.: Northumberland County v. Bloom, 3 W. & S. 542; Wilson v. Clarion County, 2 Pa. 17; Porter v. School Directors, 18 Pa. 144; Northampton County v. Yohe, 24 Pa. 305; Brown v. White Deer Township, 27 Pa. 109; Dyer v. Covington Township, 28 Pa. 186; Commissioners v. Lycoming County, 46 Pa. 496.

The act of April 15, 1834, makes it the duty of county auditors to audit, settle and adjust the accounts of the commissioners, treasurer, sheriff and coroner of the county, and make report thereof to the Court of Common Pleas, together with a statement of the balance due from or to such officers respectively. It also provides that their report when filed in court shall have the effect of a judgment, upon which execution may issue against the property of the officer, in like manner as on ordinary judgments. It also provides for an appeal, either by the county or the officer, from the report of the auditors, within sixty days after the same is filed, trial of the issue by a jury, judgment on their verdict, execution, etc. A special tribunal is thus erected, with all necessary powers to bring before it the parties, witnesses, etc., determine the indebtedness by or to the officer, and enforce its collection. This, under the provisions of the act of 1806, necessarily excludes every other remedy except the appeal provided for; and, if that is not taken within the sixty days limited by the act, the decision of the

Opinion of the Court.

auditors becomes final and conclusive, and cannot afterwards be inquired into either by the auditors themselves or by a court of law. If the plaintiff below was dissatisfied with the decisions of the auditors, he might have appealed from their reports within the time limited by the act; but, not having done so, their decisions became final and conclusive against him, and thenceforth the doors of the Common Pleas and every other judicial tribunal were effectually barred against him as to any claim or claims within the jurisdiction of the county auditors at the time his respective accounts were audited, settled and adjusted by them. This proposition was definitely reaffirmed and settled in the case first above cited.

Substantially the same principle has been settled in analogous cases, among which are Commonwealth v. Reitzel, 9 W. & S. 109, and Hutchinson v. Commonwealth, 6 Pa. 124. In the latter case it was held that the settlement of a public officer's accounts by the auditor general, unappealed from, was conclusive, even though on the face of the account it was apparent that an allowance, authorized by an act of assembly, was not made. Mr. Justice BELL, delivering the opinion of the court, says : "By declining to appeal, the party concedes the correctness of the settlement in every particular, and he cannot afterwards be permitted to aver that his acquiescence was induced by misapprehension of the law. Admitting this to be true, it is beyond the power of the ordinary tribunals to afford redress. If injustice has been done, the only remedy is to be found in the exercise of the extraordinary power of the legislature."

> Judgment reversed, and judgment is now entered on the case stated in favor of defendant below, with costs.