## COUNTY OF SCHUYLKILL v. J. M. BOYER.

### ERROR TO THE COURT OF COMMON PLEAS OF SCHUYLKILL COUNTY.

Argued February 20, 1889—Decided April 8, 1889.

[To be reported.]

1. Sections 44–58, act of April 15, 1834, P. L. 545, defining the powers and duties of county auditors, create a special tribunal for the settlement of the accounts of the officers named therein, and provide an adequate remedy for the collection of the indebtedness by or to the officer when so ascertained.

2. Whether the accounts of an officer were presented before and examined and passed upon by the county auditors or not, the statute providing an adequate remedy, its directions must be strictly pursued and a common law action by an officer against the county is precluded.

3. Where a sheriff's accounts for services rendered during his term were settled with the commissioners under the fee-bill of June 12, 1878, P. L. 187, afterwards determined to be unconstitutional, he is not entitled subsequently to maintain a common law action for the difference, under the more favorable fee-bill of April 2, 1868, P. L. 3.

Before PAXSON, C. J.; GREEN, CLARK, WILLIAMS and MC-COLLUM, JJ.

No. 14 July Term 1888, Sup. Ct.

On July 24, 1887, J. Monroe Boyer brought assumpsit against the county of Schuylkill, declaring for the recovery of fees as sheriff of the county from the first Monday of January, 1883, until the first Monday of January, 1886, his entire term of office. Issue.

At the trial on November 30, 1887, it was shown that for his official services, chargeable to the county during his term, the plaintiff had settled annually with the county commissioners, according to the sheriff's fee-bill under the act of June 12, 1878, P. L. 187, which act on April 12, 1886, in Morrison v. Bachert, 112 Pa. 322, was declared unconstitutional. He then brought this suit to recover the difference in amount in the fees allowed by said act and those allowed by the act of April 2, 1868, P. L. 3.

Charge of Court below.

The services being proved and the other testimony in the cause received, the court, GREEN, J., charged the jury : '

[Gentlemen of the jury, we have already said we think under all the evidence in this case that the plaintiff is entitled to a verdict. It appears that this was a mutual mistake that arose by reason of the passage of a law in 1878 fixing the fees of the sheriff in certain cases, and making it less than it was under a previous fee-bill.][1] For instance, under the act of 1878 the sheriff's fees in each criminal case was fixed at one dollar. Under the act of 1868 it had been $1.25. For summoning jurors to the court under the bill of 1868 it was fixed at thirty cents, and under the act of 1878 it was reduced to twenty-five cents ; also with regard to commitments and capias there was a slight reduction in each one of these cases under the act of 1878.

When the sheriff presented his bills to the county commissioners for these different criminal cases and others, his bill was presented based upon the act of 1878, which was therefore less than it would have been if it had been made out under the act of 1868, and the county commissioners paid these bills according to the act of 1878 ; but after the sheriff went out of office, upon a case taken to the Supreme Court of this state, that court declared the law of 1878 unconstitutional, null and void, and the effect of that was to declare the act of 1868 still in force. Therefore the sheriff made out his bill under a wrong impression as to the law ; and, instead of making out his bills in criminal cases for one dollar he should have made them out for $1.25, and so with regard to the other cases ; and this suit was brought here for the purpose of recovering from the county the difference in the bill that he made out and the bill he should have made out under the act of 1868. That difference, according to the testimony in this case, undisputed, would amount to $659.40. There were some eight cases in which no fees at all had been paid and which it is admitted on the part of the defendant the sheriff would be entitled to recover. In all the other cases the bill is made out upon the theory that the sheriff should have been paid according to the fee-bill of 1868 and not according to the fee-bill of 1878.

[The question has arisen here as to whether the sheriff is estopped from making out his bill according to the fee-bill of

1868, because he presented his bill under the fee-bill of 1878 and accepted his pay under that bill, and therefore is estopped from claiming any further amount of money; but we say to you, for the present, that that will not estop him from making his claim for the balance of the fees according to the act of 1868, and for that reason he is entitled to recover in this suit the difference between the amount that he received, and the amount that he should have received, if the bill had been made out according to the fee-bill of 1868. That, according to the testimony, amounts with the eight cases I have spoken of to $659.40, and the sheriff would be entitled to demand interest on this amount from the time that he made demand for his fees, and if there is no proof here of any prior demand it would be interest from the time of the institution of the suit, I presume.] [2] [As I have said before, there is no dispute as to the different items of this claim and the interest is now reckoned upon this claim from the time of the institution of the suit, because the institution of the suit shows that demand is made for the money. The amount for which the plaintiff would be entitled to a verdict, would be $689.06, and we direct a verdict, if you find that amount, with interest to be correctly calculated. I presume there is no difficulty about that.] [3]

The jury returned a verdict in favor of the plaintiff. Judgment having been entered, the defendant took this writ, assigning as error:

1–3. The parts of the charge embraced in [ ] [1 to 3]

*Mr. J. W. Ryon* (with him *Mr. J. F. Minogue*), for the plaintiff in error:

1. This was a common law action. Under the provisions of § 13, act of March 21, 1806, 4 Sm. L. 332, the courts of Pennsylvania have uniformly held that wherever a remedy is provided by any act of assembly, the common law remedy is no longer available: Bowman v. Herr, 1 P. & W. 283; Downer v. Downer, 9 W. 60; Thomas v. Simpson, 3 Pa. 60; Taylor v. Birmingham, 29 Pa. 306; Mussleman's App., 65 Pa. 480; Whiteside v. Whiteside, 20 Pa. 474; Commonwealth v. Garrigues, 28 Pa. 9.

2. The act of April 15, 1834, in its sections 47, et seq., P. L. 545, has provided a special tribunal, the county auditors, with

ample power to settle, audit and adjust the accounts between the sheriff and county. Provision is made for the filing of the reports of this tribunal, and such reports, if not appealed from within the time prescribed, have all the effect and force of a judgment of a court of record. The plaintiff was bound to pursue the remedy provided by this statute.

3. In this case there was no evidence submitted to show whether the claim made by the plaintiff in the court below, had ever been presented to the auditors for adjudication; but, whether it was or not, is not material, as the plaintiff's remedy was before them, and not in a common law court by a common law action: Brown v. White Deer Tp., 27 Pa. 109; Dyer v. Covington Tp., 28 Pa. 186; Willard v. Parker, 1 R. 448; Northumberland Co. v. Bloom, 3 W. & S. 542; Northampton Co. v. Yohe, 24 Pa. 305; Glatfelter v. Commonwealth, 74 Pa. 74; Blackmore v. Allegheny Co., 51 Pa. 160; Northampton Co. v. Herman, 119 Pa. 373; Commissioners v. Lycoming Co., 46 Pa. 496; Hutchinson v. Commonwealth, 6 Pa. 124.

*Mr. Geo. J. Wadlinger* (with him *Mr. Jacob C. Kline* and *Mr. Chas. N. Brumm*), for the defendant in error:

1. This case does not come within the ruling of Northampton Co. v. Herman, 119 Pa. 373. In that case, there had been a settlement and adjustment of the sheriff's account by the county auditors, and it was rightly held that the auditor's settlement unappealed from was conclusive and the sheriff was not entitled to recover.

2. An examination of the cases cited in support of the position, that, because of the provisions of the act of 1806, the plaintiff could not avail himself of the common law action of assumpsit, will disclose that they are not applicable to the case at bar. They all pertain to the jurisdiction of the Orphans' Court in the ascertainment and distribution of decedents' estates. The act of 1806 contemplates a remedy that is constitutional and efficacious. To take away a citizen's common law rights, without substituting a substantial and adequate remedy, would violate his constitutional remedies: Rhines v. Clark, 51 Pa. 96; Easton Bank v. Commonwealth, 10 Pa. 448; Street v. Commonwealth, 6 W. & S. 209; Shinn v. Commonwealth, 3 Gr. 205.

3. The act of April 15, 1834, does not provide a remedy or enjoin a duty upon the sheriff of a county, such as is contemplated by the act of 1806. The act was intended to·" ascertain and settle, as near as may be, the amount of public money received by such officer, and its application to public purposes or otherwise:" see § 54 of the act. Section 55 provides for the filing of the report of the auditors with the effect of a judgment " against the real estate of the officer who shall thereby appear to be indebted either to the commonwealth or to the county." Sections 56 and 57 provide for an appeal from the settlement, but you will look in vain for any section that furnishes a remedy against the county for moneys due the officer. Moreover, the question of jurisdiction was not raised in the court below and it is now too late: Schenley v. Commonwealth, 36 Pa. 29.

OPINION, MR. JUSTICE McCOLLUM.

J. Monroe Boyer was sheriff of Schuylkill county from the first Monday of January, 1883, to the first Monday of January, 1886, and for his official services, where the county was liable, he presented bills, under the act of June 12, 1878, which were allowed and paid by the county commissioners. After that act was declared unconstitutional, Morrison v. Bachert, 112 Pa. 323, he brought this action of assumpsit to recover the difference between the amount of the bills rendered and paid under it, and the amount allowed for the same services by the act of April 2, 1868. This difference was ascertained on the trial to be $659.40, and for this amount with interest upon it from the institution of the suit, he obtained a verdict and judgment.

It did not appear on the trial whether the bills originally rendered by him for these services had been examined and passed upon by the county auditors, and, because of the absence of proof on this point, an effort is made to distinguish this case from Northampton Co. v. Herman, 119 Pa. 373. The first step in this effort is an assumption that the auditors failed to discharge a duty enjoined by the statute, which requires that they shall annually audit, settle, and adjust the accounts of the commissioners, treasurer, sheriff, and coroner of the county. The correctness of this assumption may well be doubted, as it appears to conflict with the ordinary rule, that in the absence

of evidence it is presumed the officers did their duty : Pike Co. v. Rowland, 94 Pa. 238.

But if it be conceded that these accounts were not presented to the county auditors and were not examined and passed upon by them, it does not follow that the sheriff may maintain a common law action against the county for the fees which the law requires it to pay him. It has been repeatedly held by this court that the act of April 15, 1834, which defines the powers and duties of the county auditors, constitutes a special tribunal for the settlement of the accounts of the officers named in it, with the necessary authority to compel the attendance of witnesses and the production of papers, and to determine the indebtedness by or to the officer, and to enforce its collection. A reference to all the cases in which this construction has been placed upon it, is not deemed necessary. Many of them are collected in Northampton Co. v. Herman, supra, and in Blackmore v. Allegheny Co., 51 Pa. 160. It is true that in most of these cases there was an adjudication by the special tribunal created by statute, the effect of which was discussed and considered in connection with the rights and duties of the auditors and the officers whose accounts they are authorized and required to settle, but there is no intimation in any of them that the statutory tribunal and the Court of Common Pleas have concurrent jurisdiction in the adjustment of these accounts. That the former has original and the latter appellate jurisdiction of the subject matter of this controversy is conceded. It is the right and duty of the officer to have his accounts examined and passed upon by the county auditors, and if he is not satisfied with their decision he may appeal from their report to the Court of Common Pleas, and have an issue and trial by jury ; but he has no right to elect in which forum he will first proceed for the settlement and enforcement of his claims. The statute has provided an adequate remedy ; its directions must be strictly pursued, and it precludes a common law action.

The learned judge of the court below did not allude to the question discussed here, and the record does not show that it was raised before him. It is, however, covered by his instruction, that the plaintiff was entitled to a verdict for the amount of his claim, with interest, and is fairly before us on exception to the charge. Besides, this is a case in which action " agree-

ably to the provisions of the common law" is expressly forbidden by the act of March 21, 1806, § 13, and it is not too late to raise and consider a question of jurisdiction. All the assignments of error relate to the instruction that the plaintiff was entitled to recover, and they are sustained. We decide that a common law action will not lie against the county for this claim, and therefore

The judgment is reversed.