## The Lehigh Coal & Navigation Company, Appellant, *v.* School District of Mauch Chunk Township et al.

*School code—School directors—Rotation in office—Compensation —Payment — Action of school board — Audit of accounts — Surcharge.*

Where the directors of a school board elected two of their number respectively secretary and treasurer in regular rotation according to priority of expiration of term of service as director, and the succession was so arranged that each member of the board should hold a compensated office for two years during his term as director, and the treasurer at the end of each fiscal year paid to the secretary such amount of the treasurer's salary as would make the secretary's compensation the same as the treasurer's, it will be held that such arrangement was to provide compensation for all of the directors, in violation of section 224 of the School Code of 1911, P. L. 332, and such practice will be enjoined.

Argued October 25, 1920. Appeal, No. 34, Oct. T., 1920, by plaintiff, from decree of C. P. Carbon County, sitting in equity, Oct. T., 1917, No. 2, on bill in equity in the case of the Lehigh Coal & Navigation Company v. School District of Mauch Chunk Township, Edward R. Ronemus, Samuel Emanuel, Harry J. Steventon, Albert Norwood and Thomas E. Coke, individually and as school directors of said school district. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Bill in equity for an injunction. Before BARBER, P. J.

The facts are stated in the opinion of the Superior Court.

The court entered the following decree:

"And now, November 24, 1919, this cause came on to be heard at this term, and was argued by counsel, and thereupon, upon consideration thereof, it is ordered, adjudged and decreed as follows, namely:

"First.—That an injunction should issue restraining the members of the school district of Mauch Chunk Township, Carbon County, from continuing to elect, in rotation, members of the board to the offices to which compensation is attached, to the end that all members shall receive compensation during their respective terms of office.

"Second.—That an injunction should issue restraining the treasurer of said board, whether voluntarily, by arrangement or otherwise, from sharing the compensation paid him, as treasurer, with the secretary, or with any other member of the board.

"Third.—That the moneys paid by Edward R. Ronemus, treasurer, to Samuel Emanuel, secretary of said board in July, 1916, and July, 1917, amounting to $783.47, be declared trust funds and the property of said school district, and that said Samuel Emanuel be required and directed to pay said sum of $783.47, so received, into the treasury of said school district.

430 LEHIGH C.& N. CO., Appel., *v.* M. CHUNK TWP. S. D.

Opinion of Court below—Opinion of the Court. [75 Pa. Superior Ct.

"Fourth.—That the costs of these proceedings be paid by the defendants individually in equal proportions."

*Error assigned,* among others, was the decree of the court.

*Benjamin Branch,* of *Freyman, Thomas & Branch,* and with him *William Jay Turner,* for appellant.—The compensation of the treasurer of the school board was excessive, and unless the amount of compensation be reduced the illegal practice as complained of will not be prevented. The court had authority to reduce this compensation to a reasonable sum: Lamb v. Redding, 234 Pa. 481; School Code of May 18, 1911, P. L. 327; 5 Stewart's Purdon's Digest, 5566; Mason v. Hanover Township School Dist., 242 Pa. 359.

*James Smitham,* for appellee.

OPINION BY LINN, J., March 5, 1921:

The conduct of the school directors of Mauch Chunk Township, a school district of the fourth class, became the subject of inquiry by two proceedings in the common pleas: (a) by bill filed August 17, 1917, by appellant against the school district and the individual defendants, school directors, appellees here; and, (b) by an appeal filed the same day by this appellant from the auditors' report of the financial affairs of the school district for the fiscal year ending July 2, 1917; (see opinion this day filed to No. 33, October Term, 1920).

The suit in equity was tried first. The learned chancellor after finding numerous facts as requested by appellant, granted all the relief desired, except that he declined to declare the compensation paid to the treasurer excessive. The bill averred that for years prior thereto, pursuant to an arrangement existing among themselves, the members of the board elected two of their number, respectively secretary and treasurer, in

regular rotation according to priority of expiration of term of service as director and that the succession was so arranged that each member of the board should hold a compensated office for two years during his term as director; that at the end of each fiscal year the treasurer paid to the secretary such part of the treasurer's compensation as resulted in making the secretary's compensation the same as the treasurer's; that the purpose of the arrangement was to provide compensation for all the directors in violation of section 224 of the School Code of 1911, P. L. 322. The following were among the facts found: 16th. "It has been expressly agreed or consciously contemplated that each member of the board should hold the compensated offices of secretary or treasurer in turn or rotation." 17th. "That it has been expressly agreed or consciously contemplated that the individual member of the board who happened to be treasurer should so share his compensation with the individual member who happened to be secretary that each should receive one-half of the combined compensation of both." 18th. "That when the compensation paid to Edward R. Ronemus as treasurer on July 10, 1916, was fixed and paid, the existence and continuance of the plan or custom of rotation in office and division of compensation was consciously contemplated by the then members of the board, and it was carried out by the payment to Samuel Emanuel by Ronemus of $343.23 and the reëlection of Ronemus as treasurer and Emanuel as secretary." 19th. "That when the compensation paid to Edward R. Ronemus as treasurer on July 12, 1917, was fixed and paid the existence and continuance of the plan or custom of rotation in office and continuance of compensation was consciously contemplated by the then members of the board, and it was carried out by the payment to Samuel Emanuel by Ronemus of $440.24, and the election of Steventon and Norwood, the two next in line, as secretary and treasurer, respectively." 20th. "That the plan and custom of rotation in office and of

the division of compensation has been present in the minds and consciences of the various directors at the times of the fixing of the compensation of the secretary and the treasurer." 21st. "That the plan and custom of rotation in office and of the division of compensation has been a factor expressly assented to or consciously contemplated in the fixing of the compensation of the secretary and the treasurer." 22d. "That the fixing of the treasurer's compensation at two per centum has not been a matter of pure discretion with the various members of the board, but improper elements have entered therein." 25th. "That in the selection of the secretary and treasurer the fitness and ability of the party elected and the interests of the public have not been the sole and controlling factors." 33d. "That there is reasonable ground for apprehending that the practices in the bill complained of and hitherto prevailing will be continued unless restrained by the arm of the law."

Among his conclusions of law are the following: 1. "The practice, custom and arrangement of rotation in the offices of secretary and treasurer as practiced in the Mauch Chunk Township School District is illegal and against public interests." 3. "The practical result of the plan, custom and arrangement existing in that school district is to permit each member of the board of school directors to receive compensation as such during his term and the same is in violation of section 224 of the School Code." 5. "The plan, custom and arrangement of rotation in office and the division of compensation puts those members of the School Board who have received contributions from the treasurer in the position of having violated the oath of office prescribed by section 224 of School Code." 8. "The payments made by Edward R. Ronemus to Samuel Emanuel, one of the defendants herein, in July, 1916, and in July, 1917, should be paid by Samuel Emanuel to the school district of Mauch Chunk Township as the same are trust funds paid to Samuel Emanuel unlawfully."

Accordingly (the entire decree being quoted by the reporter, supra), it was ordered that Emanuel pay into the treasury of the school district the sum of $783.47 received by him as above set forth.

So well supported by the evidence are the findings of fact and so obvious the application of the law as declared in Schmeck v. Muhlenberg School District, 60 Pa. Superior Ct. 183, that none of the school directors has appealed.

The learned counsel for appellant states the reason for its appeal as follows: "Plaintiff's success in having some of the moneys paid by one of the men who happened to be treasurer to one of the men who happened to be secretary ordered returned into the treasury and in having the scheme of rotation in office and division of compensation enjoined is mere momentary victory, without any practical beneficial result, as is clearly evidenced by the operation of a scheme quite similar to the one thus enjoined in Mauch Chunk Township School District since this matter was closed below. Men who are intelligent enough and clever enough to carry out the arrangement which appears to have been in operation here are surely clever enough to find some other scheme or manner of accomplishing the same result in spite of all the injunctions which courts of equity might ever care to issue. If the practice is illegal and is to be broken up that can be done in but one way, and that is by interfering with the amount of compensation. It is because the appellant taxpayer is firmly convinced that the matter will stop only when the amount of compensation is interfered with that it takes this appeal."

The learned chancellor declined to find that compensation at the rate of two per cent on the amount disbursed on school orders was excessive. He held that he could not interfere with the compensation paid prior to July, 1916, because the reports of the auditors for the years 1912 to 1916, inclusive, had been duly filed and no appeals therefrom had been taken, a conclusion sup-

ported by Northampton Co. v. Herman, 119 Pa. 373. Though he stated in the 22d finding quoted above, that "improper elements had entered" into the determination of the compensation paid to the treasurer, and though the practice denounced might be said to indicate that the measure of reasonable compensation was what the treasurer retained for himself, and that what he paid to the secretary was in excess of reasonable compensation, a point we do not decide, it becomes unnecessary to pursue the subject further in view of our conclusion in the other branch of the inquiry stated in the disposition of the appeal to No. 33, October Term, 1920, in which we have ordered that the directors be surcharged with the entire amount of compensation illegally paid to both secretary and treasurer for the fiscal year ending July 2, 1917.

If as appellant's counsel suggests, the practice condemned by the learned chancellor be continued, or, shall be renewed in the future by any of the defendants, we have no doubt that the power of the court to enforce its decree will be duly exercised on a showing of the violation.

The decree is affirmed at the cost of appellant.