## Klenk v. Metropolitan Life Insurance Company

*Edward B. Duffy*, for petitioner.

KNIGHT, P. J., March 3, 1939.—On November 16, 1925, George J. Klenk executed a certain bond and warrant with an accompanying mortgage to the Market Street Title & Trust Company, in the sum of $5,000, secured upon a certain lot in Upper Moreland Township, Montgomery County, Pa. The Market Street Title & Trust Company subsequently assigned the bond and mortgage

to the Metropolitan Life Insurance Company, and Klenk sold the lot, under and subject to the mortgage, to W. Clinton Brandt et ux. The real owners defaulted in the terms of the bond and mortgage, and judgment was taken on the bond and marked to the use of the Metropolitan Life Insurance Company. On August 25, 1937, the insurance company filed a statement, in accordance with the provisions of the Act of July 2, 1937, P. L. 2751, releasing George J. Klenk from personal liability on his bond. On the same date a writ of fieri facias was issued, and the lot was subsequently sold at sheriff's sale for the sum of $83.23.

The statute under which the release was filed having been declared unconstitutional by the Supreme Court, we are now asked to decide what effect the release has in respect to other land of George J. Klenk, and whether the judgment which remains unsatisfied constitutes a lien against such other land.

The general rule is that an unconstitutional statute, though having the form and name of law, is in reality no law, but is wholly void, and in legal contemplation is as inoperative as if it had never been passed. Such a statute imposes no duties, confers no rights, creates no office, bestows no power, affords no protection, and justifies no acts performed under it. American Jurisprudence, vol. 11, p. 827.

But, as has been pointed out by President Judge Finletter of Court of Common Pleas No. 4 of Philadelphia County, "there are many exceptions to this general rule. It is not universally true, or rather it is affected by several other considerations, among them the doctrines of res adjudicata, of estoppel, those governing mistakes of law, and the rules concerning activities of de facto officers, i. e., officers acting under statutes subsequently adjudged unconstitutional": The Real Estate Trust Co. of Phila. v. Kahler et ux., 30 D. & C. 206, 207.

One of the purposes of the Act of 1937 was to protect the obligors of bonds and mortgages, and others indirectly

liable for the payment thereof, by prohibiting the foreclosure of mortgaged property at less than its fair market value. The mortgagee insurance company voluntarily complied with the provisions of the act by filing a release of the obligor on the bond, and it voluntarily chose this method rather than having the fair value of the property fixed. There was a definite advantage to the insurance company in so doing. It could proceed immediately with the foreclosure and perfect title without the cost and delay incident to having the fair value fixed by the court. If, in voluntarily taking the initiative under the act, the company accepted the law as constitutional, then both parties have acted under a mistake of law, for the obligor, Klenk, also relied on the validity of the release, and failed to either buy the property at the sheriff's sale or bid up the price so that his liability for a deficiency judgment would have been substantially reduced, if any deficiency would have resulted at all. The release having been accepted by both parties under a mistake of law, neither party can repudiate its validity to the prejudice of the other's rights.

The release filed under the unconstitutional statute was a condition precedent to the foreclosure of the mortgage, and all parties accepted and relied upon the release at the time of the foreclosure of the lot in Upper Moreland Township, nor do they now question the validity of the release in respect to that land. No question was raised or appeal taken at the time of the foreclosure, and neither of the parties can now collaterally attack or controvert this very same release in its application to other land of the obligor-releasee. The parties cannot accept the release for one purpose and reject it for another: it remains res adjudicata upon the parties to it, and its conclusiveness is not impaired by the fact that it was based upon a statute subsequently declared unconstitutional: Phila. v. Ridge Ave. Ry. Co. 142 Pa. 484; County of Schuylkill v. Boyer, 125 Pa. 226; Strauss v. W. H. Strauss & Co. Inc., 328 Pa. 72.

If the mortgagee insurance company knew the act to be unconstitutional, it could have tested the act, as did plaintiff in the case wherein the act was held unconstitutional by the Supreme Court. The filing of the release and the proceeding with the foreclosure was a voluntary act on its part and, after the obligor on the bond had acquiesced in the procedure to his detriment, the company cannot now complain that the statute under which it acted was unconstitutional. The principles of estoppel are often applied to the setting up of the unconstitutionality of an act of assembly, and the validity of the estoppel does not depend upon the constitutionality of the statute: Ferson's Appeal, 96 Pa. 140; Bidwell v. City of Pittsburgh, 85 Pa. 412; The County of Northampton v. Herman, 119 Pa. 373.

The further question has been raised regarding the consideration of the release. It is not under seal but is in all respects in conformity with the Act of 1937. It might be said that the company, having voluntarily filed the release and accepted the benefits of the act, is estopped from denying the release is binding, for the same reasons as have been stated. However, we believe there was a real and important consideration for the release. By filing the release, the mortgagee was enabled to proceed immediately with the foreclosure, the delay and expense of having the fair value determined obviated, and the title and possession were obtained in a short time.

The court is therefore of the opinion that the release is valid and of full effect in its application to other lands of George J. Klenk, particularly premises situate in the Borough of Hatboro, Montgomery County, Pa., known as lot no. 121, plan of Hatboro Heights, and that the judgment entered on said bond of George J. Klenk does not constitute a lien on the aforesaid premises.

And now, March 3, 1939, the following declaratory judgment is directed to be entered by the prothonotary:

(1) The release filed by the Metropolitan Life Insurance Company, as of June term, 1937, no. 107, is a valid

release of all property of defendant, except lot no. 506 Moreland Heights, Upper Moreland Township, Montgomery County.

(2) The judgment obtained in the above-captioned proceeding is not a lien on premises no. 121 plan of lots of Hatboro Heights, Borough of Hatboro, Montgomery County, Pa., or on any other real estate of defendant, except lot no. 506 Moreland Heights, as above set forth.