Clarendon V. F. W. Home Association Liquor License Case.

Argued March 20, 1950. Before Rhodes, P. J., Hirt, Reno, Dithrich, Ross and Arnold, JJ.

*C. Henry Nicholson,* for appellant.

*Horace A. Segelbaum,* Deputy Attorney General, with him *Samuel J. Roberts,* Special Deputy Attorney General and *T. McKeen Chidsey,* Attorney General for appellee.

*Carl A. Cassone,* for Pennsylvania Federation of Fraternal and Social Organizations, amicus curiae.

OPINION BY RENO, J., July 20, 1950:

The Pennsylvania Liquor Control Board refused the application of Clarendon V. F. W. Home Association, appellant, for a club liquor license because the quota of licenses for the Borough of Clarendon was filled. Act of June 24, 1939, P. L. 806, §2, 47 P.S. §744-1002. Upon appeal the court below by an order dated October 26, 1949, and entered during its November, 1949 term of court, held that the quota provisions did not apply to clubs, reversed the board, and ordered issuance of a license to the club. The board did not appeal, and the order became final 30 days after its date. Act of May 20, 1949, P. L. 1551, §2, 47 P. S. §744-404. The board nevertheless did not issue a license, and on December 30, 1949, during the February, 1950 term of court, petitioned the court to reconsider its order of October 26, 1949, pending a decision of this Court of an appeal involving the construction of the quota provisions

of the Act. The appeal referred to was *Goodwill Fire Company of Bethlehem License Case,* 166 Pa. Superior Ct. 42, 70 A. 2d 706, which was argued here on November 14, 1949, and decided on January 12, 1950. After the *Goodwill* case was decided, the court below, on February 13, 1950 and during its May, 1950 term,[1] pronounced the order of October 26, 1949, "without force and effect", and held that a license "cannot issue." The club appealed from the last order.

The court below was without authority to enter the order of February 13, 1950, and it will be reversed. The reasons which support that conclusion can be stated almost categorically:

1. After the expiration of the November, 1949 term the court was without power to reconsider, alter, amend, or to do any act in derogation of an order, adjudication or sentence entered during that term. *Com. ex rel. Billman v. Burke,* 362 Pa. 319, 66 A. 2d 251; *Com. ex rel. Micholetti v. Ashe,* 359 Pa. 542, 59 A. 2d 891; *Moskowitz's Registration Case,* 329 Pa. 183, 196 A. 498; *In re Kensington and Oxford Turnpike Co.,* 97 Pa. 260; *Com. v. Mayloy,* 57 Pa. 291; *Com. ex rel. Nagle v. Smith,* 154 Pa. Superior Ct. 392, 36 A. 2d 175. Cf. *In re Petition of P. N. McNeal,* 71 Pa. Superior Ct. 101, and *Long's License,* 65 Pa. Superior Ct. 10, where liquor licenses had been refused and *during the same term* petitions for rehearings were filed, grants of licenses at subsequent terms were held proper.

2. The rule applies "particularly where the time for appeal also has expired": *Opening of Parkway,* 267 Pa. 219, 226, 110 A. 144.

---

[1] Terms of the Court of Quarter Sessions of Warren County: November, 1949, term began August 1, 1949 and ended November 6, 1949; February, 1950, term began November 7, 1949 and ended February 5, 1950; May, 1950, term began February 6, 1950 and ended April 30, 1950; August, 1950, term began May 1, 1950 and will end July 31, 1950.

3. The rule applies even where the purpose of the reconsideration, after the expiration of the term, is to correct an order which is erroneous in law. *Frantz v. Philadelphia*, 333 Pa. 220, 3 A. 2d 917; *Fitzpatrick v. Bates*, 92 Pa. Superior Ct. 114; *Betts v. Y. M. C. A.*, 88 Pa. Superior Ct. 568.

4. A litigant cannot, by a petition to reconsider an appealable order from which no appeal has been taken within the period allowed by law, reopen the order and thereby nullify the limitation for appeal fixed by statute. *Beaver Valley Water Co. v. P. U. C.*, 140 Pa. Superior Ct. 297, 14 A. 2d 205. See also *Phila. Suburban Trans. Co. v. DiFrancesco*, 362 Pa. 326, 66 A. 2d 254; *Com. v. Irwin*, 345 Pa. 504, 29 A. 2d 68; *J. S. Bache & Co. v. Locke*, 86 Pa. Superior Ct. 501.

5. Where the Commonwealth or its agencies appear in court they are bound by all rules of evidence, pleadings and procedure which apply to private litigants. *Frey's Est.*, 342 Pa. 351, 21 A. 2d 23; *Ash's Est.*, 202 Pa. 422, 51 A. 1030. See Pa. R. C. P. No. 2101, 354 Pa. c.

This opinion might well end at this point.

But it will *seem* anomalous that this Court, having decided in the *Goodwill* case that clubs are within the quota provisions of the Act, a meaning which the statute carried from the moment of its enactment, should now require issuance of a license to a club in an area where the quota has been filled. It should, therefore, be stated that this decision is also based upon what has been called "the law of the case." The classic statement of the principle is afforded by *Marsh v. Pier*, 4 Rawle, 272, 289, where Mr. Justice KENNEDY said: "But a judgment of a proper court, being the sentence or conclusion of the law, upon the facts contained within the record, puts an end to all further litigation on account of the same matter, and becomes *the law of the case*, which cannot be changed or altered, even by the consent of

the parties, and is not only binding upon them, but upon the courts and juries ever afterwards, as long as it shall remain in force and unreversed." (Emphasis added.)

*Bolton v. Hey,* 168 Pa. 418, 421, 31 A. 1097, provides a pertinent application of the principle. On an appeal from an order refusing judgment on a sci. fa. sur mechanic's lien for want of a sufficient affidavit of defense, the Supreme Court held that the agreements between the parties did not confer the right to file liens. The judgment was affirmed and a plea was entered in the court below. Before the trial the Supreme Court *in other cases* applied a different rule of construction to other but similar contracts and arrived at a different result. On appeal, the Supreme Court held that the trial court was bound by the rule laid down by it in affirming the judgment on the affidavit of defense, notwithstanding the different rule announced in the subsequent cases. Said Mr. Chief Justice STERRETT: "That judgment thus became the law of the case, and having never been reversed or set aside, it is still the law of that case, notwithstanding a different rule of construction may have been since applied, with a different result, to contracts of like tenor and effect."

Another arresting example is *Strauss v. W. H. Strauss & Co., Inc.,* 328 Pa. 72, 194 A. 905. Proceeding under the Deficiency Judgment Act of January 17, 1934, P. L. 243, the receivers for the Strauss Company, the mortgagor, procured a deficiency judgment for $31,000. No appeal was taken from that judgment. From an order of distribution made in the audit of the receivers' account, the mortgagee appealed and contended that, since the Supreme Court had held the Deficiency Judgment Act unconstitutional after the rendition of the deficiency judgment, it was entitled to recover the difference between the amount of its lien and the sum realized at the sheriff's sale. Mr. Justice HORACE STERN said: "But, jurisdiction having attached, and no appeal

having been taken . . . the judgment of the . . . court [below] as to the amount remaining due is not impaired by the fact that it was based upon a statute subsequently declared to be unconstitutional. The decision became the law of the case, and neither of the parties to it can now collaterally assail or controvert it [citing cases]." [2]

So here, the erroneous construction placed upon the quota law by the court below became the law of the case. After the expiration of the term the court below could not correct the error, and, no appeal having been taken, this Court cannot now relieve the board from its failure to appeal or to present its petition for reconsideration within the term.

The court below justified its last order by the statement: "No cases were cited to this court which hold any vested right or any property right had crystallized by the decision of October 26, 1949. A liquor license, even when granted, is not a property right; it is a mere privilege. After a liquor license has been granted it may be taken away without compensation to the holder." And the able deputy attorney general adopted the statement as the bulwark of his argument here. The premise is sound but it does not follow, because a license confers only a mere privilege, that a final and irrevocable judgment, commanding issuance of a license, shall be flatly rejected. After all, although a license is not property, a judgment is. *De Chastellux v. Fairchild*, 15 Pa. 18, 21, where GIBSON said: ". . . a judgment, which is essentially his [plaintiff's] property, . . ." Appellant's judgment is property; but, considering its command, it is held subject to the police power of the state. The legislature may

---

[2] Cases cited: *Northampton County v. Herman*, 119 Pa. 373, [13 A. 277]; *County of Schuylkill v. Boyer*, 125 Pa. 226, [17 A. 339]; *Philadelphia v. Ridge Avenue Railway Co.*, 142 Pa. 484, [21 A. 982]; *Pulaski Avenue*, 220 Pa. 276, [69 A. 749]; *Clear Springs Water Co. v. Catasauqua Borough*, 231 Pa. 290, 296, [80 A. 566]; *Knowles's Estate*, 295 Pa. 571, 591, [145 A. 797].

indeed abolish all licenses without compensating the holders, but until it exerts that power it remains the obligation of courts to respect and enforce judgments rendered under the Pennsylvania Liquor Control Act.

The order of February 13, 1950, is reversed and that of October 26, 1949, is reinstated.