## Commonwealth ex rel. Kumitis v. Burke, Warden

*J. W. Tracey, Jr.*, for Commonwealth.

*Albert Kumitis*, petitioner, p. p.

ALESSANDRONI, J., September 24, 1951.—Relator, appearing in propria persona, filed a petition for writ

of habeas corpus under the Act of February 18, 1785, 2 Sm. L. 275.

Relator was sentenced to the Eastern State Penitentiary in 1932 for a period of 25 to 50 years, after he was convicted on charges of robbery, breaking, and larceny. On May 22, 1942, these sentences were commuted to 10 years, 1 month and 1 day (minimum) to 30 years, 1 month and 1 day (maximum). Relator was paroled on May 29, 1942.

On October 25, 1944, while on parole, relator was indicted for robbery in Columbia County. On December 5, 1944, he was tried before a jury, with the aid of counsel. The jury found him guilty as charged. Relator's counsel thereupon filed motions in arrest of judgment and for a new trial; these motions were not disposed of pending the filing of the transcript of testimony.

On April 20, 1945, relator was returned to the Eastern State Penitentiary as a technical parole violator pursuant to the provisions of the Parole Statute of June 22, 1931, P. L. 862, 61 PS §305.

The transcript of testimony was filed on July 8, 1946. Motions in arrest of judgment and for a new trial were not argued until June 27, 1949. In Commonwealth v. Kumitis, 167 Pa. Superior Ct. 184 (relator's appeal), at pp. 191, 192, the court said:

"There is no question but that there was an unreasonable delay in the transcription of the testimony— it was not filed until July 8, 1946—and in disposing of the motions in arrest of judgment and for a new trial. They were not argued until June 27, 1949, three years and five days after the testimony had been lodged in the office of the Clerk of Courts. Much of the delay was due to repeated requests of counsel for defendant for continuances. The opinion of the court was filed September 9, 1949. But we fail to see how defendant

was in anywise prejudiced by the delay since he was serving time as a technical parole violator and, as the Supreme Court said, 'with no time lost'.

". . . The verdict was returned December 7, 1944; sentence was not imposed until January 3, 1950. But in the circumstances we do not feel called upon to reverse the judgment of sentence, or to set it aside. At the time of the commission of this crime in Columbia County, defendant was on parole from the Eastern State Penitentiary. . . ".

Relator was sentenced on January 3, 1950, to 7½ to 15 years in the Eastern State Penitentiary, this sentence to date from October 23, 1944, the day of his commitment to the Columbia County jail. On January 9, 1950, without the presence of relator or his counsel, this sentence was modified to conform to the mandatory provisions of the Parole Statute: 61 PS §305. This provision requires that the unexpired portion of a sentence from which one has been paroled must be served prior to a new sentence if the parolee is convicted and sentenced to the same penitentiary from which he was paroled.

Relator contends that he is being illegally confined in the Eastern State Penitentiary as of June 1, 1951, because the Court of Oyer and Terminer of Columbia County lacked jurisdiction to impose the sentence after the term of conviction had expired. This is based on the familiar principle that a court loses its power to impose sentence at the expiration of a term unless it acts to preserve that power: Commonwealth ex rel. Micholetti v. Ashe, Warden, 359 Pa. 542. The fatal defect in this contention is that if the court acts to retain such power it can impose a sentence at a subsequent term. The trial court in the instant case had the capacity to sentence at a later term because it had before it two undisposed motions; until the motions

in arrest of judgment and for a new trial were acted upon, sentence could not be imposed.

Furthermore, the illegality of the sentence is no longer open to question. Relator's appeal from the sentence of the Court of Oyer and Terminer of Columbia County to the Superior Court (Commonwealth v. Kumitis, supra) was decided against him. It is true that certain errors may be corrected on habeas corpus, which are more properly disposed of on appeal: Com. ex rel. Schultz v. Smith, Warden, 139 Pa. Superior Ct. 357. But, as such an appeal has been taken and has been decided adversely, habeas corpus cannot now be used for a collateral attack on the judgment. Relator urges identical reasons for the writ of habeas corpus as he did on appeal; the result must also be the same.

Habeas corpus is a writ of right, but it issues only on cause shown: Commonwealth ex rel. De Poe v. Ashe, Warden, 167 Pa. Superior Ct. 23. Cause is not shown if the same considerations advanced in support of the petition for habeas corpus have already been adversely acted upon on appeal. Thus relator, despite the statement of the Superior Court about the unreasonable delay apparent from the record (Commonwealth v. Kumitis, supra), with which we agree, has had his day in court. He was represented by competent counsel who presented a vigorous defense. He attempted to upset the judgment of the trial court on appeal. The Superior Court has held that the judgment of the trial court is legal and in conformity to law. There is therefore no merit in relator's contention that he is confined under a sentence contrary to law.

And now, to wit, September 24, 1951, the petition for habeas corpus is dismissed.