## Upper St. Clair Township Appeal.

Argued November 18, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Samuel A. Schreiner,* with him *Alexander B. Gilfillan,* for appellant.

*William J. Kenney,* with him *John L. Laubach, Jr., Rose, Rose & Houston, Richardson Blair* and *Ballard, Spahr, Andrews & Ingersoll,* for appellee.

OPINION BY RHODES, P. J., January 20, 1953:

Appellant, Township of Upper St. Clair, has appealed from the order of the Court of Quarter Sessions of Allegheny County at No. 73, May Sessions, 1952 (Miscellaneous Docket).

The original order reads as follows: "And Now, to wit, this 23rd day of May, 1952, the within Petition having been presented in open Court it is ordered, adjudged and decreed that an Appeal is hereby allowed, nunc pro tunc from the enactment of the Zoning Ordinance of Upper St. Clair Township, enacted April 21, 1937 [1947]. Bond in the sum of $1,000.00 with sufficient surety to be filed, conditioned upon prosecution of said Appeal with effect, and for the payment of costs."

Appellant's appeal to this Court was taken on October 6, 1952. The Act of May 19, 1897, P. L. 67, §4, as amended, 12 PS §1136, provides that no appeal shall be allowed in any case from an order of any court of quarter sessions unless taken within forty-five days from the entry of the order.

The appeal will be quashed.

Castle Shannon Coal Corporation owns surface land and coal in Upper St. Clair Township, Allegheny County. Its application for a building permit for the purpose of constructing mining buildings was refused by the Board of Adjustment of the Township. This action was sustained by the Court of Common Pleas of Allegheny County, and by the Supreme Court in *Mutual Supply Company Appeal*, 366 Pa. 424, 77 A. 2d 612.

The Corporation thereafter requested the township supervisors to amend the zoning ordinance to permit the use by the Corporation of a certain tract of surface land for mining purposes. The request was refused. The Corporation then filed a petition in the Court of Common Pleas of Allegheny County for declaratory judgment to determine the validity of the township zoning ordinance. The preliminary objections of the Township were sustained by the court's order of October 15, 1951. The Supreme Court on appeal affirmed the order of the court below—*Castle Shannon Coal Corp. v. Upper St. Clair Township,* 370 Pa. 211, 88 A. 2d 56.

The Court of Quarter Sessions of Allegheny County on May 23, 1952, on petition of the Corporation, allowed appeal nunc pro tunc from the enactment of the zoning ordinance of April 21, 1947, which prevented the industrial use of property throughout the Township. In allowing the appeal the Court of Quarter Sessions made reference to the provision of the order of the Court of Common Pleas of Allegheny County of October 15, 1951, affirmed by the Supreme Court, that the Corporation might file an appeal nunc pro tunc from the enactment of the ordinance.

On June 6, 1952, appellant filed a petition to dismiss the appeal and to vacate the order of May 23, 1952, at No. 73, May Sessions, 1952 (Miscellaneous Docket).

On September 19, 1952, the Court of Quarter Sessions denied the petition.

The allowance of an appeal nunc pro tunc is a power which a court on proper occasion may exercise. *Adelman v. John McShain, Inc.*, 148 Pa. Superior Ct. 138, 140, 141, 24 A. 2d 703; *Dougherty v. Greggs*, 159 Pa. Superior Ct. 166, 169, 48 A. 2d 149. See *Taylor v. Moore*, 303 Pa. 469, 479, 154 A. 799. Appellant's petition to vacate the order of May 23, 1952, was to obtain reconsideration of what the Court of Quarter Sessions had already decided, and the petition did not extend the statutory period for taking an appeal to this Court from the original order. *Clarendon V. F. W. Home Association Liquor License Case*, 167 Pa. Superior Ct. 44, 48, 75 A. 2d 171; *Beaver Valley Water Co. v. Pennsylvania Public Utility Commission*, 140 Pa. Superior Ct. 297, 14 A. 2d 205; *Smith v. Jones*, 369 Pa. 13, 85 A. 2d 23; *Slagle's Estate*, 335 Pa. 552, 556, 7 A. 2d 353.

Appeal is quashed.