## Stonis License

*Joseph A. Zane* and *Isadore E. Krasno*, for petitioners.

*A. T. Gillespie, Jr.*, for Commonwealth.

DALTON, J., March 28, 1966.—This is a petition by former licensees, whose hotel liquor license has been revoked, for a rule upon the Liquor Control Board "to show cause why the Bond of the Petitioners should be forfeited".

The factual background is as follows: By order dated September 6, 1962, the Liquor Control Board revoked petitioners' license and forfeited the bond.

The board's action was based upon findings that licensees had sold alcoholic beverages to minors and that their license had been suspended on three previous occasions for sales to minors.

Forfeiture of the bond was authorized by the Liquor Code of April 12, 1951, P. L. 90, sec. 471, as amended, 47 PS §4-471, which provides: "When a license is revoked, the licensee's bond may be forfeited by the board".

On appeal by licensees to this court, after hearing de novo, we entered an order on February 10, 1964, wherein we affirmed the order of the Liquor Board "revoking the Hotel License".

On February 17, 1964, petitioners appealed from the order of this court to the Superior Court, which, on June 19, 1964, entered a judgment of nonpros.

More than three months later, on September 29, 1964, the former licensees presented to this court the instant petition for a rule on the Liquor Control Board "to show cause why the Bond of the Petitioners should be forfeited". The rule granted thereon contained a provision that "All proceedings to enforce the forfeiture of the Liquor Bond are stayed".

In effect, petitioners are asking this court to reopen their appeal and reverse the board's forfeiture of the bond.

We have no jurisdiction to entertain this petition. The jurisdiction of this court ended when petitioners appealed from the order of this court to the Superior Court. Their appeal to the Superior Court was dismissed for want of prosecution. In Clarendon V. F. W. Home Association Liquor License Case, 167 Pa. Superior Ct. 44, it was held that a court of quarter sessions has no power to reconsider, alter, amend, or to do any act in derogation of a final order in a liquor license case after the expiration of the term and after the time for appeal to the Superior Court has expired.

Clearly, this court has no jurisdiction to reconsider or alter its final order of February 10, 1964.

Nor does this court have any jurisdiction to restrain the board from enforcing forfeiture of the bond. By the Act of May 26, 1931, P. L. 191, secs. 1 and 2, 12 PS §§104 and 105, jurisdiction to restrain a State administrative agency was vested *exclusively* in the Court of Common Pleas of Dauphin County. This mandatory and exclusive method of procedure is now embodied in Pa. R. C. P. 1503 (c). See Merner v. Department of Highways, 375 Pa. 609, 611.

And now, March 28, 1966, the petition is dismissed and the rule to show cause is discharged for want of jurisdiction in this court. An exception is allowed petitioners and bill sealed.